JOHN DOUGLAS & others *vs.* JOSEPH SIMPSON & another & trustee.

Bristol. Oct. 24.—Nov. 21, 1876. DEVENS & LORD, JJ., absent.

A debtor, by a deed of trust executed by himself and the assignee only, assigned his property for the benefit of his creditors, none of whom assented thereto. The assignee gave notice of his acceptance of the trust, and a portion of the creditors presented their claims, which exhausted the assets collected by the assignee. Other creditors attached by the trustee process a sum due the debtor, which was claimed by the assignee under the deed of trust. *Held*, in the absence of proof that the sum held by the trustee was necessary to pay the creditors who had elected to come in under the trust deed, that the sum in the hands of the trustee was liable to be taken by trustee process.

TRUSTEE PROCESS. The principal defendants were defaulted. John Walsh, summoned as trustee, admitted that he had in his hands, at the time of the service of the writ upon him, the sum of $329.50, due the defendants. Thomas Booth appeared as claimant of the funds in the hands of the trustee, by virtue of a trust deed from the defendants to him of all their real and personal estate, which deed was duly executed, acknowledged and recorded, and by the terms of which Booth was to convert such real and personal estate into money, and pay the same *pro rata* to the creditors of the defendants.

The case was submitted to the Superior Court, and, after judgment discharging the trustee, to this court on appeal, on an agreed statement of facts in substance as follows:

None of the creditors of the defendants were parties to said deed, or consulted as to the making thereof, or assented thereto in writing. Booth advertised his acceptance of the trust for three weeks in two daily papers, and some portion of the creditors of the defendants presented claims sufficient to exhaust all the assets that came into his hands, and Booth has paid out all assets that have come into his hands. Booth has not paid the plaintiffs any portion of their debt against the defendants.

The plaintiffs never assented to the trust deed, either in writing or otherwise. The funds in the hands of the trustee were claimed by Booth, by virtue of the trust deed, of Walsh, before the service of the plaintiffs' writ on Walsh. The funds in the hands of the trustee were the proceeds of a contract under which the defendants built a house for him.

If the plaintiffs could recover against the trustee, then judgment was to be entered for the plaintiffs against the trustee, and the trustee charged on his answer; otherwise, judgment was to be entered for the claimant, and the trustee discharged.

*W. H. Peirce*, for the plaintiffs.

*H. K. Braley*, for the claimant.

ENDICOTT, J. It appears by the agreed statement of facts, that the indenture of trust, entered into by the defendants and Booth, the claimant, for the benefit of the defendants' creditors, was not assented to or executed by any of the creditors at the time it was made; that, after Booth had given notice of his acceptance of the trust, a portion of the creditors presented their claims, thereby assenting to the indenture; and that Booth had paid out all the assets that had come into his hands.

While, therefore, it appears that all the assets in the hands of Booth were exhausted by the creditors who had assented to the indenture, it does not appear that the claims of the creditors assenting were sufficient to exhaust the sum in the hands of the trustee in this action, which Booth contends he is entitled to receive. In other words, the agreed statement fails to show that the sum held by this trustee is necessary to pay the creditors who have elected to come in under the indenture of trust. For aught that appears, the assets actually received by Booth were sufficient to pay the claims of all the creditors assenting.

It was said in *Everett* v. *Walcott*, 15 Pick. 94, 97 : " Where the debts of the assenting creditors amount to less than the trust fund, the assignment is held good *pro tanto*, and the residue of the assigned property is liable to attachment, either in the hands of the assignees, or, if uncollected, in the hands of the debtors of the assignors, or, if it remains in its original situation, by actual seizure." In the case at bar, the plaintiffs did not assent to the assignment to Booth. Admitting that the money in the hands of Walsh, the trustee, is a portion of the property assigned to Booth by the indenture, yet, in the absence of proof that a sufficient number of creditors have assented to exhaust this sum, it is liable to be taken on trustee process.

As this is decisive of the case, we have not considered the other question raised by the parties and argued at the bar, touching the validity of the assignment, as against this plaintiff.

*Trustee charged.*