THE STATE, EX REL. JOHN EDELSTEIN, v. JOHN D. FRASER.

56   3
64  228

1. In a proceeding by information in the nature of a *quo warranto*, it is the title of the defendant that is alone put in issue.
2. The statute of March 10th, 1893 (*Pamph. L., p.* 224), declares that in all cases in any city in which the mayor can appoint any municipal officer, no such appointment shall take effect until the board of finance shall have confirmed the same "by a vote of not less than two-thirds of all the members of such board;" the information alleged that although the mayor of Jersey City did appoint the defendant a member of said board of finance, and although the defendant thereupon took the oath of office and his seat in said board and was recognized by a majority of the members of said board, the relator alleges that the appointment of the said defendant was of no effect, because the same "has not been confirmed by said board of finance." On demurrer to this information, *Held*, by force of this demurrer, the defendant acknowledged that he was not in office *de jure* and that judgment of ouster must be entered against him.

On *quo warranto.* On demurrer to information.

Argued at June Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the relator, *William D. Daly.*

For the defendant, *Collins & Corbin.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This controversy touches the right of membership in the board of finance of Jersey City. The discussion has arisen on a general demurrer to the information; and upon looking at this record I have failed to find any basis for the argument with which we have been favored by the counsel of the defendant.

The case as presented stands before us in this wise:

The information contains two counts, the tenor of the first being to this effect, viz.: "That the defendant, Fraser, for the space of six days and upwards last past, hath unlawfully held,

used and executed, and still doth unlawfully hold, use and execute the office of member of the board of finance," &c. The count then proceeds to set out the relator's title, which is that, on the 24th of April, 1891, he was duly and legally appointed by the mayor of Jersey City a member of said board for the term of two years, and that he took the oath of office, was duly qualified and duly exercised said office, "which said office the said John D. Fraser, during," &c., upon the State of New Jersey, hath usurped and intruded into and unlawfully held, used, enjoyed and exercised, and yet doth usurp and intrude into, &c., to the exclusion of the said John Edelstein, &c., in contempt of the State of New Jersey, &c.

The demurrer, as applied to this count, confesses that the defendant, without a pretence of right, usurped this office and still holds it in that unlawful manner. It does not seem that any argument in favor of the defendant can be other than futile in view of such a confession.

It has not been observed that the title of the narrator disclosed in this count is at all objectionable, but that title, be it good or bad, is not open, on these pleadings, to objection. These proceedings do not have the effect to put the narrator into office; his rights, therefore, are of no consequence except so far as they may serve to qualify or explain the right of the defendant. They can have no such effect, nor any effect whatever, in the present instance, as the defendant acknowledges that he is holding the office in question without right.

Nor does it seem that the second count presents any matter more debatable. As in the first count, it shows title in the relator, and, similarly, an intrusion by the defendant, and its diversity consists in this circumstance: After setting out the usurpation of the defendant, it thus proceeds, viz.: "For, although true it is that the mayor of Jersey City, at or before, &c., did appoint the said John D. Fraser a member of the said board of finance, to succeed the said relator, and the said John D. Fraser thereupon took and subscribed, before the city clerk of Jersey City, in due form of law, the oath of office required

by law for members of the board of finance, and took his seat in said board, and was recognized by a majority of the members of said board as a member thereof, and entered upon the duties of a member of the board of finance of Jersey City; yet the said relator gives the court here to be informed and understand that said appointment is hitherto of no effect, because the same has not been confirmed by said board of finance."

From the foregoing extract it will be observed that the effect of the demurrer, as applied in the latter instance, is to admit that the defendant is now executing the office in question without his appointment having been confirmed by the board of finance.

By this confession he admits that he is an intruder, for the statute of the state, passed March 10th, 1893, enacts as follows, viz.: "That in every case in any city where the mayor thereof is now authorized by any law to appoint any municipal officer or member of any municipal board, the name of the person appointed shall be submitted to the board of such city government having the control and management of the financial affairs and the duty and power of confirming the annual tax levy or tax budget, by ordinance or otherwise, by whatever name the same may be known in such city, and no such appointment shall take effect until such board has confirmed the same by a vote of not less than two-thirds of all the members of such board, duly recorded in the permanent minutes thereof."

The juncture, then, is this: The act just recited declares, in clear and unambiguous terms, that the appointment of the defendant shall not take effect until confirmed by the board in the manner prescribed. The demurrer admits the allegation that there has been no confirmation, and, most assuredly, thereby the defendant confesses that he has no claim to be considered an officer *de jure.* And yet that is the only question to be decided in this case as it is presented to us. In a procedure of this character, when the defendant acknowledges that he has no legal title, the inevitable result is that judgment of ouster must pass against him.

With respect to the argument that the act requiring a confirmative vote of two-thirds of the board of finance does not properly mean that the two members who retire annually are to be counted as constituents of the board for that occasion, it is only necessary to remark that such question is utterly *dehors* this record. There is no averment or statement in the case relating to that subject. All that we are apprised of is that there was no confirmation in any form by this board, whether it be by a board constituted of three voting members or of five.

With respect to the suggestion in the brief of counsel that, for the purposes of this case, the court will look into the two other *quo warranto* proceedings relating to this general subject now on the files of this court between other parties, it is only necessary to say that the proposition is opposed to everything that can be found in the annals of the common law from the Norman conquest to the present time.

Let judgment of ouster be entered.