HENRY O. HUDSON & another *vs.* J. B. PARKER MACHINE COMPANY & others.

Worcester.    October 4, 1898. — May 16, 1899.

Present: FIELD, C. J., KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Creditors' Bill — Liability of Director of Corporation — Assignment for Benefit of Creditors — Equity Pleading — Multifariousness.*

Oral evidence of the clerk of a corporation organized under the provisions of Gen. Sts. c. 61, that at a meeting of the stockholders of the corporation in 1891 officers were elected; that the only records of the meeting were minutes made by him on a piece of paper which was afterward lost; that between 1891 and 1896 there was no meeting of stockholders for the election of officers; and that after the meeting in 1891 the president and treasurer then elected had the active management, direction, and control of the business of the corporation, and held themselves out to the public as president, treasurer, and directors, is competent to show they were such *de facto* if not *de jure*.

A creditor of a corporation organized under Gen. Sts. c. 61, may maintain a bill in equity to enforce the liability of its officers under Pub. Sts. c. 106, § 60, cl. 3, although after the commencement of the action at law on which the bill was brought the corporation made an assignment of its property in trust for the benefit of its creditors, to which the plaintiff gave his assent, qualified by an express reservation of all rights necessary to the maintenance of his claim against the officers of the corporation; and he is entitled to a decree against

them for the amount of his claim less such dividend as he receives under the assignment of the corporation.

The liability of an officer of a corporation under the Pub. Sts. c. 106, § 60, cl. 3, by virtue of §§ 64, 66, 67, continues after his death against his property in the hands of his executor or administrator.

A creditor of a corporation organized under the Gen. Sts. c. 61, whose debts exceeded its capital, commenced an action at law against it, and subsequently one of its directors made an assignment of his property in trust for the benefit of such of his creditors as had claims provable in insolvency and who within sixty days thereafter assented to it. The creditor recovered judgment, and brought a bill in equity thereon against the corporation, its officers, and the trustee under the assignment, to enforce the liability of the directors under Pub. Sts. c. 106, § 60, cl. 3. At the hearing it did not appear from the report of the master that any of the director's creditors had assented to the assignment when the bill was brought. *Held*, that this court had jurisdiction of the trust; that the plaintiff was entitled to be paid out of the fund held in trust under the assignment; and that, if it should appear upon the recommitment of the case to the master that other creditors had duly assented to the assignment, and that the fund is insufficient to pay them and the plaintiff in full, the other creditors should be made parties to the bill in equity, so that their rights and the rights of the plaintiff to the fund might be determined.

A bill in equity, brought under the Pub. Sts. c. 106, § 64, against a corporation and its officers in order to enforce their liability under the Pub. Sts. c. 106, § 60, cl. 3, is not multifarious, although it makes the trustees under an assignment of the property of the corporation and of one of its directors in trust for the benefit of their creditors, respectively, parties defendant thereto, and seeks to charge the funds held in trust by them.

BILL IN EQUITY, filed June 1, 1897, under the provisions of Pub. Sts. c. 106, § 64, by creditors of the J. B. Parker Machine Company, a corporation organized under the provisions of Gen. Sts. c. 61, against the corporation and against Archelaus C. Dakin, Charles C. Murdock, Mary A. Parker, Jonathan Smith as executor of the will of M. Isadore Parker, deceased, and Charles G. Bancroft as trustee.

The bill alleged that the capital stock of the defendant corporation was fixed at $45,000; that on December 2, 1896, its debts exceeded its capital stock; that on that date the plaintiffs brought an action at law against it, and recovered judgment and execution; that due demand was made upon it for the payment of the amount due on the execution, but it neglected for thirty days thereafter to pay such amount, or to exhibit real or personal estate sufficient to satisfy the execution, which was returned unsatisfied; that at a meeting of the stockholders held in January, 1891, Dakin was elected president, and Murdock, Mary A. Parker, and M. Isadore Parker were elected direc-

tors of the corporation, and accepted the offices, and, with the exception of M. Isadore Parker, who died on September 4, 1895, continued to hold them and to act as such officers to and through December 2, 1896; that on December 2, 1896, the corporation, and on December 3, Dakin, Murdock, and Mary A. Parker made separate assignments of their property to Charles G. Bancroft as trustee for the benefit of their creditors; that Dakin died on February 4, 1897, but at the date of the filing of the bill administration had not been granted upon his estate. The prayer of the bill was for general relief, and for a decree that such of the defendants or their representatives as were liable for the debts of the corporation should be directed to pay the same.

The defendants severally filed answers, and after the parties were at issue the case was referred to a master, who found that the corporation was organized in 1874, under the provisions of Gen. Sts. c. 61, with a capital of $45,000; that at a meeting of the stockholders held on February 8, 1886, Dakin was elected president, and Murdock treasurer, and both they, Mary A. Parker, and M. Isadore Parker were chosen directors; that the records of the corporation showed no meeting of stockholders for the election of officers, nor the election of any officers or any meeting of the board of directors after February, 1886; but that there was a record of a meeting of the stockholders in March, 1894, for the purpose of authorizing a mortgage to the Clinton Savings Bank. The master, against the defendants' objection and exception, admitted oral testimony of Murdock that in January, 1891, there was a meeting of the stockholders, at which the same officers were elected as in 1886, and that he, as clerk of the company, made minutes of the meeting on a piece of paper, which was afterward lost, and made no other record of the proceedings; that from January, 1891, to and including December 2, 1896, Dakin and Murdock had the active management, direction, and control of the business of the corporation; that Dakin held himself out to the public as president and director, and Murdock held himself out as treasurer and director, and that if not such *de jure* they were such *de facto;* and that Mary A. Parker was not, during any portion of the years 1894, 1895, and 1896 a director *de facto* or *de jure.* The master further found

that on December 2, 1896, the debts of the corporation exceeded its capital by $13,139.91; that on that day the plaintiffs commenced an action at law against it and recovered judgment; that execution was issued, demand for payment made thereunder, and, thirty days thereafter, it was returned unsatisfied; that on December 2, 1896, the corporation made an assignment of its property to Charles G. Bancroft in trust for the benefit of such of its creditors as had claims which could be proved in insolvency, and who should, within sixty days thereafter, assent in writing to its terms, and on the next day the defendants Dakin, Murdock, and Mary A. Parker severally made assignments of their property to Bancroft in trust for the benefit of their creditors, the provisions of which were similar to those of the assignment of the corporation; and that before the commencement of this suit most of the creditors of the corporation assented to the assignment made by it, but the plaintiffs did not assent to it, and on December 31, 1897, with another creditor, entered into an agreement with Bancroft by which it was provided that the plaintiffs and the other creditor, as parties of the first part, " do hereby accept and agree to the provisions of the aforesaid assignment, except that said parties of the first part do not . . . agree to accept and take in full payment, satisfaction, and discharge of their respective debts, claims, demands, and causes of action against the said J. B. Parker Machine Company the dividends which shall be payable to said parties of the first part respectively under the provision of the aforesaid assignment. And said parties of the first part do hereby severally and respectively release, acquit, and forever discharge said J. B. Parker Machine Company from their respective debts, claims, and demands only to the amount of such dividend or dividends as they, the parties of the first part, may respectively receive hereafter under the provisions of said assignment, expressly reserving to the respective parties of the first part all other rights, including the right to proceed to take judgment against the J. B. Parker Machine Company, and to take such other proceedings as they may desire, and especially to enforce against the officers and stockholders of the J. B. Parker Machine Company payment of their respective judgments so to be obtained, to all which the party of the second part hereby assents and agrees."

The master ruled, as matter of law, that upon the facts found no decree could be framed settling the rights of all the parties, and that the bill could not be maintained. The plaintiffs alleged exceptions.

Upon the coming in of the master's report, the case was heard in the Superior Court, before *Dewey, J.*, who reserved it for the determination of this court.

*E. A. Evans*, for the plaintiffs.

*H. Parker & C. G. Bancroft*, for creditors of the defendant corporation.

*J. Smith*, for other defendants.

KNOWLTON, J. It may be well to consider first the defendants' objections and exceptions to the admission of evidence, and the findings of the master in regard to the official position and the liability of Dakin, president and a director of the corporation. It appeared by the record that in 1886 Dakin was elected president and one of the directors, and that at the same time Murdock was elected treasurer and one of the directors. Oral testimony was admitted against the defendants' objection that in January, 1891, there was a meeting of the stockholders at which the same officers were elected, and that the clerk of the company made minutes of the meeting on a piece of paper which has been lost, and made no other record of the proceedings. There was also evidence that since then there has been no other meeting of the stockholders, except one in March, 1894, for the purpose of authorizing a mortgage to the Clinton Savings Bank. It appeared that from January, 1891, to and including December 2, 1896, the defendants Dakin and Murdock had the active management, direction, and control of the business of the corporation; that Dakin held himself out to the public as president and a director, and Murdock held himself out as treasurer and a director. We are of opinion that this evidence was competent, and that it well warranted the finding that, if Dakin was not president *de jure* he was president *de facto*, and that if Murdock was not treasurer *de jure* he was treasurer *de facto*, and that if both of them were not directors *de jure* they were directors *de facto*.

No exception was taken by the plaintiffs to the finding that Mary A. Parker was not, during any portion of the years 1894,

1895, and 1896 a director *de facto* or *de jure,* and no question is made in regard to the correctness of the finding.

Dealing with the case upon the master's report, there is no doubt that the defendants Dakin and Murdock, on the second day of December, 1896, the time when the plaintiffs brought their action against the corporation, were liable for the excess of the company's indebtedness above the amount of its capital stock, which excess is found to have been $13,139.91. Pub. Sts. c. 106, § 60, cl. 3. The preliminaries necessary under the statute to charge them with this liability have been attended to by the plaintiffs. A judgment has been obtained against the corporation, a demand has been made for payment under the execution, and since the expiration of thirty days from the time of the demand the execution has been returned unsatisfied. Pub. Sts. c. 106, § 64. The liability continues after the death of the officers of a corporation against their property in the hands of an executor or administrator. Pub. Sts. c. 106, §§ 60, 64, 66, 67. *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97, 104.

The next question is whether the plaintiffs have lost their rights by reason of the assignment made by the corporation to the trustee Bancroft, and by the writing of December 31, 1896, in which they gave a qualified assent to the assignment. We think it very clear that they have not. This assignment could have no effect to prevent their obtaining judgment against the corporation unless an estoppel arose from their consent to it. But the writing which they signed expressly reserved to them all rights necessary to the maintenance of their claims against the officers of the corporation. They were not to be precluded by it from proceeding with their suit against the corporation and obtaining judgment, and then proceeding by a bill in equity against the officers. Their claims were not to be deemed satisfied beyond the amount of the dividend received from the trustee. Notwithstanding the assignment of the corporation and their qualified assent to it, they are entitled to have a decree in equity against the officers for the amount for which they were liable at the time of the commencement of the suit at law against the corporation, less such sum as the plaintiffs receive as a dividend under the assignment of the corporation. *Chamberlin* v. *Huguenot Manuf. Co.* 118 Mass. 532. *First National Bank of*

*Barre* v. *Hingham Manuf. Co.* 127 Mass. 563, 567. *Nonantum Worsted Co.* v. *Holliston Mills*, 149 Mass. 353. *Haskell* v. *Hill*, 169 Mass. 124. The case is not like *Marr* v. *Washburn & Moen Manufacturing Co.* 167 Mass. 35, where a creditor, having an attachment upon the property of individual debtors, consented to an assignment for the benefit of creditors, and gave up his attachment.

It is contended by the defendants that the plaintiffs cannot reach the fund in the hands of Bancroft as trustee under the assignment from Dakin for the benefit of creditors, inasmuch as one of the conditions of the assignment is that only those creditors who signed their assent to it within sixty days should share in the assets. Upon the finding of the master, it does not appear that any of Dakin's creditors had become parties to the assignment when this bill was brought. If not, then it is plain that the assignment is ineffectual against creditors who, by proper proceedings, seek to avail themselves of the property as the plaintiffs do. The property remains subject to attachment by creditors at common law, and to appropriation in a suit in equity. *May* v. *Wannemacher*, 111 Mass. 202, 207. *Douglas* v. *Simpson*, 121 Mass. 281. *Pierce* v. *O'Brien*, 129 Mass. 314. This court has jurisdiction of the trust to determine the equities of all persons interested in it. *Bouvé* v. *Cottle*, 143 Mass. 310. *New England Bank* v. *Lewis*, 8 Pick. 113. *Ward* v. *Lewis*, 4 Pick. 518. *Bryant* v. *Russell*, 23 Pick. 508, 520. *Fairbanks* v. *Belknap*, 135 Mass. 179. *Little* v. *Chadwick*, 151 Mass. 109. Under the terms of the instrument, which recognizes as creditors all who have claims that could be proved in insolvency, the plaintiffs, as holders of equitable claims, are entitled to share in the fund. St. 1884, c. 293. *Goldthwait* v. *Day*, 149 Mass. 185, 186. Their rights originated and had begun to take form before December 3, 1896, when the assignment was made; for the action at law against the corporation was brought on December 2, 1896. But the liability of the directors could be definitely fixed under the statute only by bringing this suit in equity, and the plaintiffs' right to share in the fund could properly be secured by making the trustee a party. See *Noyes* v. *West*, 3 Cush. 423, 428. On the master's report, we are of opinion that the plaintiffs are entitled to be paid out of this fund

held by Bancroft under the assignment from Dakin the amount found due by the master, less the amount to which they are entitled as a dividend under the assignment from the corporation. Their claim is in like manner made out against Murdock, who does not now defend, and against the fund in the hands of his assignee and trustee. If other creditors became parties to either of these two assignments within sixty days from their date, and if the respective funds are not enough to pay the creditors in full, including the plaintiffs, these creditors should be made parties to this suit, that their rights and the rights of the plaintiffs in these funds may be determined. If there are adverse claims, these rights cannot properly be passed upon without giving the creditors who had become parties to the assignment an opportunity to be heard.

We do not think that the defence of multifariousness should be sustained.

The case must be recommitted to the master to ascertain how much the claim of the plaintiffs against the officers is to be diminished on account of the dividend from the assets of the corporation, and to determine such other facts as are material in view of this opinion.          *Decree accordingly.*