DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

NOVEMBER TERM, 1899.

---

WILLIAM BRINKERHOFF, DEFENDANT IN ERROR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY, PLAINTIFFS IN ERROR.

64   225
67   412
64   225
68   419
64   225
89   147

Argued November 27, 1899—Decided March 5, 1900

1. In an action by Brinkerhoff to recover from the city certain install-ments of salary claimed to be due him as corporation counsel, a verdict was directed in his favor. Upon the evidence contained in the bills of exception—*Held*, that Brinkerhoff was at least an officer *de facto* and entitled to the emoluments of that office under the doctrine of *Erwin* v. *Jersey City*, 31 *Vroom* 149.

2. It was contended that, during the period in question, there was a cor-poration counsel *de jure* holding over after the expiration of his term and until his successor should be appointed and qualified, and that there could not be an officer *de facto* of the same office. *Held*, that if Brinkerhoff was inducted into and filled the office of corporation coun-sel during the period in question, he became an officer *de facto* even though there was an officer *de jure* having a present right to the office.

3. It was further contended that there was evidence sufficient to justify the inference that the previous corporation counsel filled the office during the period in question as an officer *de jure*. Upon this conten-tion it is *held*—

1. That by the provisions of the "Act concerning the appointment of municipal officers and boards in cities," passed March 11th, 1893, the board of finance of said city had power to appoint a corporation counsel by the vote of two-thirds of its five members—that is, by the vote of at least four members.

2. That by the vote of four members in favor of Brinkerhoff's appointment as corporation counsel he became entitled to the office and was corporation counsel *de jure*, although one of the members so voting for his appointment was only a member *de facto*, whose title was attacked by *quo warranto*.

3. That the principles upon which the acts of *de facto* officers are held valid require the recognition of appointments to office made by them, when such appointments would be valid, if made by officers *de jure*.

4. The doctrine enunciated by the Supreme Court on this subject in *Erwin* v. *Jersey City*, 30 *Vroom* 282, disapproved.

On error to the Supreme Court. This case was tried at the December Term, 1898, of the Hudson Circuit Court, before Mr. Justice Lippincott and a jury, and a verdict directed for the plaintiff for $1,620.80 and costs.

For the plaintiff in error, *Allan L. McDermott.*

For the defendant in error, *Charles L. Corbin.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The judgment brought here by this writ of error was rendered upon a verdict directed by the trial judge.

The action of Brinkerhoff, in whose favor the verdict was directed, was brought to recover the salary or compensation for services as corporation counsel of Jersey City, for January, February and March, 1894. It appeared in evidence that on December 27th, 1893, Brinkerhoff had been appointed to that office by the votes of four of the five members of the board of finance of said city.

The evidence appearing in the bills of exception discloses that Brinkerhoff, after such appointment, was inducted into the office of corporation counsel, and, during the period mentioned, performed such of its duties as were required of him.

Under the doctrine laid down by this court in *Erwin* v. *Jersey City*, 31 *Vroom* 141, he thereby became *de facto* the corporation counsel of the city and entitled to the emoluments of the office.

This conclusion would dispose of the case, but for the contention that, under the provisions of the "Act relating to officers in cities who now hold or hereafter shall hold their offices for a fixed period," approved February 28th, 1881 (*Gen. Stat., p.* 571, § 542), Mr. Edwards, the previous corporation counsel of said city, whose term of office expired in April, 1893, continued to hold the office until his successor' had been appointed and qualified.

It is thereupon insisted that when there is an officer *de jure* having a present right to the office, there cannot be an officer *de facto* of the same office. But this proposition is opposed to numerous adjudged cases in which the acts of *de facto* officers have been held to be valid official acts, although they have been afterwards ousted from office upon the prosecution of *de jure* incumbents of such offices.

It is thereupon next insisted that there was evidence to go to the jury sufficient to justify the inference that during the period in question Mr. Edwards, the former corporation counsel, continued to fill the office. This contention requires the consideration of the right to office of Mr. Edwards and whether or not Brinkerhoff had acquired not a mere *de facto* but a *de jure* title thereto.

This contention was not made either in the Supreme Court or in this court, in *Erwin* v. *Jersey City, supra.*

This question thus arises : If the board of finance was empowered to appoint a corporation counsel, and the act of the board in appointing required the concurring votes of four members, what title was conferred by an appointment effected by the necessary vote of one member who was only a member' *de facto ?*

The Supreme Court, in *Jersey City* v. *Erwin,* 30 *Vroom* 282, declared its opinion to be that a *de facto* appointing board could not create a *de jure* officer by its appointment.

When that case was reviewed in this court (*Erwin* v. *Jersey City*, 31 *Vroom* 141), it was deemed unnecessary to express any opinion on that subject, the case being disposed of on other grounds.

But upon the contention now made it is considered necessary to review and decide the question of the power of *de facto* officers to create by appointment an officer *de jure*.

By the provisions of "An act concerning the appointment of municipal officers and boards in cities," passed March 11th, 1893 (*Pamph. L., p.* 224), it was enacted that the corporation counsel in cities of the first class should be appointed by the board in such cities having charge of the financial affairs thereof and charged with the duty and power of confirming the annual tax levy, by a vote of not less than two-thirds of all the members of such board.

In the litigation respecting the right of Erwin to the office of corporation attorney of Jersey City, the constitutional validity of this act was attacked. Our examination of the act has resulted in finding it not open to that objection. Its title is not restrictive nor misleading, nor is the classification of cities on which it operates illusory. *Kennedy* v. *Belmar*, 32 *Vroom* 20; *Johnson* v. *Asbury Park*, 29 *Id.* 604; *S. C.*, 31 *Id.* 427.

By the provisions of that act the power to appoint a corporation counsel in Jersey City was vested in the board of finance, consisting of five members. The appointment therefore could only be made by the concurring vote of four members. Brinkerhoff's appointment was made by the votes of four members, one of which votes was cast by John D. Fraser, who sat in and was recognized by the board as a member.

Fraser's title to membership in the board was afterwards questioned on *quo warranto*, and he was ousted from his position by the judgment of the Supreme Court. *Edelstein* v. *Fraser*, 27 *Vroom* 3.

But before ouster, Fraser was, upon the evidence before us, a member of the board of finance *de facto*.

Such an office existed and Fraser was recognized by the

other members of the board as the incumbent of it. There was an office *de jure* and there could be an incumbent *de facto*. *Norton* v. *Shelby County*, 118 *U. S.* 435; *Flaucher* v. *Camden*, 27 *Vroom* 244.

The effect of the acts of officers *de facto* are thus stated by careful text-writers.

Mr. Mechem declares that the lawful acts of an officer *de facto*, so far as the rights of third persons are concerned, are, if done within the scope and by the apparent authority of the office, as valid and binding as if he were an officer legally elected and qualified for the office and in full possession of it. *Mech. Pub. Off.*, § 328.

Mr. Throop states the rule thus: "The general rule is that the exercise of a power by the officer *de facto*, which lawfuly pertained to the office of which he had possession, is valid and binding when it is for the interest of the public or of any individual other than the officer himself, to sustain the officers' act." *Thr. Pub. Off.*, § 622.

These statements are warranted by numerous cases cited in the text and notes of those authors.

It is impossible, in my judgment, to limit the power of an officer *de facto*, which, it is universally conceded, extends to binding his municipal corporation by the issue of bonds and the making of other contracts within the scope of the authority of the office he thus acts in, by an exception excluding his power to appoint to office, if he possessed such power as an officer *de jure*. It is to the interest of the public that offices should be filled, and by incumbents not liable to be displaced by proceedings against other persons to which they are not parties. It is to the interest of the person who accepts such an appointment, apparently conferring upon him the powers and emoluments of office, that he acquires thereby what was apparently conferred, and what his acceptance of the office indicates he assumed from the apparent authority was properly conferred upon him.

It is not to be denied, however, that there is some conflict of authority on this subject. It is contended that we are

concluded in this court by our adoption and approval of the
judgment of the Supreme Court in *Dugan* v. *Farrier*, 18
*Vroom* 383 ; *S. C.,* 19 *Id.* 613, to the doctrine that a *de jure*
title to office may be conferred by *de facto* officers. The
learned Chief Justice, in dealing with this subject in *Jersey
City* v. *Erwin, ubi supra,* concluded that the doctrine in
question was not involved in or decided by that case. I
deem it unnecessary to occupy time in analyzing that case and
determining its real *ratio decidendi,* for if it is not authority
for the doctrine now contended for, we are at liberty in this
court to consider and establish the doctrine if it seems to us
most in accord with the principle upon which acts of officers
*de facto* are held to be valid and binding.

The ground upon which the acts of *de facto* officers are
held valid in respect to the public and third persons has
lately been declared by this court to have been correctly
stated in the admirable opinion of Chief Justice Butler in
*State* v. *Carroll,* 38 *Conn.* 449, thus : "The *de facto* doctrine
was introduced into the law as a matter of policy and neces-
sity, to protect the interests of the public and of individuals
when those interests were involved in the official acts of per-
sons exercising the duties of an office without being lawful
officers. It was seen, as said in *Knowles* v. *Luce, Moo.* 109,
that the public could not reasonably be compelled to inquire
into the title of an officer nor be compelled to show a title,'
and these became settled principles of law." *Oliver* v. *Jersey
City,* 34 *Vroom* 634.

The principles thus founded in the law and which have
been applied to sustain obligations, contracts, municipal acts,
&c., undertaken or adopted by officers acting as such, though
without legal title, are equally applicable to those acts of
such officers in making appointments to office. As we have
seen, the public and the appointee both have an interest that
such appointments should be unassailable because of the de-
fective title of the officer, who, with apparent authority, has
made the appointment.

As was said by Mr. Justice Storrs in *Plymouth* v. *Painter,*

17 *Conn.* 585, the rights of no person claiming a title or interest under or through proceedings of officers having an apparent authority to act, would be safe, if he were obliged to examine the title of such officer up to its original source, and if the title or interest of such person were held to be invalid by a defect in the appointment, election or qualification of such officer.

Such was the view expressed in the Supreme Court in *Dugan* v. *Farrier, ubi· supra,* and the opinion formed the basis of the judgment in this court. In *Bownes* v. *Meehan,* 16 *Vroom* 189, the Supreme Court had thus expressed its view upon the same subject : " The well-settled doctrine that a public officer *de facto,* will, while clothed with the ostensible attributes and semblances of office, be, in legal contemplation, received as the officer *de jure,* would seem necessarily to carry with it the power to fill such offices as could be filled by him if he were the lawful incumbent; otherwise the inconsistency and confusion would prevail incident to the circumstance that a part of the official power—that is, the power to appoint to official station—would have to be exercised by the officer *de jure* while the residue of such power would be in the hands of the officer *de facto.* I am not cognizant of any legal principles that will lead to such a state of affairs so inconvenient and impolitic as respect the public."

In a well-considered case the North Carolina Supreme Court held that one appointed to office by a *de facto* officer became entitled to the office to which he was appointed *de jure* and was not a mere officer *de facto. People* v. *Staton,* 73 *N. C.* 546. Similar views were expressed in *Ellis* v. *North Carolina Institution for the Deaf, &c.,* 68 *Id.* 423.

The like doctrine is held in Ohio. *State* v. *Alling,* 12 *Ohio* 16 ; *State* v. *Jacobs,* 17 *Id.* 143 ; *Herron* v. *Smith,* 44 *Ohio St.* 348.

Upon these principles we think that the act of the board of finance in appointing Brinkerhoff conferred upon him the right to the office of corporation counsel, and he acquired a title *de jure* which the authorities of the city were bound to recognize.

The result is that the verdict was properly directed in Brinkerhoff's favor, and the judgment thereon must be affirmed.

*For affirmance* — THE CHIEF JUSTICE, DEPUE, VAN SYCKEL, DIXON, GUMMERE, LUDLOW, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH.    11.

*For reversal*—None.