### ANTHONY W. REDDY *vs.* FRED O. RAYMOND.

Essex.    January 3, 1906. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Assignment.    Attachment.*

If an assignment for the benefit of creditors is executed by the assignee, who also is one of the creditors, the signature of the assignee operates as an acceptance of the provisions of the instrument by him as a creditor, and his title as assignee, at least to the extent of his claim, becomes good against a subsequent attachment of property of the assignor by another creditor, although no creditor except the assignee has executed the assignment.

REPLEVIN, by the assignee under an assignment in writing under seal for the benefit of creditors made by Sidney T. Collis as assignor, for a stock of groceries, which the defendant, who was a deputy sheriff, had attached as the property of Collis. Writ in the Second District Court of Essex dated June 20, 1904.

On appeal to the Superior Court the case was submitted to *DeCourcy,* J. upon an agreed statement of facts. The judge found for the plaintiff, and assessed damages in the sum of $1 and costs in accordance with a stipulation in the agreed statement of facts. The defendant appealed.

---

* See note at foot of page 162 of 192 Mass.

The agreed facts were as follows:

On June 8, 1904, Sidney T. Collis, who had been carrying on a grocery business at Amesbury, made an assignment for the benefit of his creditors to the plaintiff, an attorney at law.

The assignment was an instrument in writing executed under seal by Collis as assignor and by the plaintiff as assignee. It was an ordinary common law assignment for the benefit of creditors, and purported to be made by and between Collis, party of the first part, Reddy, party of the second part, " and the creditors of said party of the first part, who shall assent in writing to the terms of this agreement, as hereinafter provided, parties of the third part." It was recorded on June 9, 1904.

The indebtedness of Collis was $1,200, which he owed to twenty-nine creditors, and his assets, consisting of the stock in trade described in the instrument of assignment, were valued at $350. On June 9, 1904, after the plaintiff had taken possession of the property described in the deed of assignment, the defendant, a deputy sheriff, made an attachment on the above mentioned property, on a capias writ in due form, in which Edwin H. Moulton, a creditor of Collis to the amount of $500, was named as plaintiff and Collis was named as defendant.

Before the attachment was made, the plaintiff informed the defendant that he was holding the goods as assignee. Before the attachment by the defendant, no creditor had assented in writing to the assignment, unless the assent of Reddy, who was a creditor, might be presumed from his signing the instrument. Reddy was a creditor of Collis to the amount of $25 before the execution of the mortgage hereinafter mentioned. On June 20, 1904, after the defendant had taken possession of the goods by virtue of his writ, the plaintiff brought the writ in the present action and replevied the goods. On June 8, 1904, before the execution of the instrument of assignment, Collis executed to Reddy a mortgage for $250 on the above mentioned goods, to secure a note of the same date and amount for services rendered and to be rendered in connection with the assignment. On September 24, 1904, the plaintiff made a demand in writing upon the defendant for $125, alleged to be due on the mortgage. No payment was made on this demand.

It was agreed that the court might draw inferences from the statement of facts. If upon the facts stated the plaintiff was entitled to recover either as assignee, or as mortgagee by virtue of the demand made on September 24, 1904, judgment was to be entered in his favor for the sum of $1 damages and costs of suit; otherwise, judgment was to be entered for the defendant for the return of the goods, $1 damages and costs of suit.

The case was submitted on briefs.

*J. J. Ryan & G. I. Davis,* for the defendant.

*A. W. Reddy, pro se.*

MORTON, J.   The plaintiff, besides being the assignee named in the deed of assignment, was a creditor of the assignor, and his signature to the deed operated not only to create the relation of assignor and assignee between the debtor and himself, but also constituted an acceptance by him as a creditor of the provisions of the deed in accordance with the terms thereof. *Hastings* v. *Baldwin,* 17 Mass. 552. By his signature the deed of assignment became valid and effectual to the extent at least of the plaintiff's claim as a creditor, and the plaintiff having taken possession under it of the property before the attachment had a title to the goods superior to that of any creditor seeking to attach them *in specie.* The interest of the debtor in the goods could have been reached by the trustee process, but the title to the goods themselves having vested in the assignee they were no longer attachable by a creditor of the debtor as the goods of the latter. *Fall River Iron Works* v. *Croade,* 15 Pick. 11.

The assignment purported to be for the benefit of creditors, not in fraud of them, and the general finding in the plaintiff's favor concludes the question as one of fact. It is true that the assignment could have been avoided by proceedings in bankruptcy seasonably begun or by attaching creditors before it had been fully executed; not however because it was necessarily in fraud of creditors, but in the former case because it is the policy of the law to take the distribution of bankrupt estates into its own hands, and in the latter case because until executed by one or more creditors the deed was ineffectual and the property remained the property of the debtor and was attachable as such.

This view of the effect of the assignment renders it unneces-

sary to consider whether the attachment was dissolved by reason of the failure of the attaching creditor to comply with the demand made for the payment of the mortgage.

*Judgment affirmed.*