COMMISSIONER OF INTERNAL REVENUE
v. ANGIER CORPORATION.

ANGIER CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

Nos. 2516, 2517.

Circuit Court of Appeals, First Circuit.

May 28, 1931.

W. E. Davis, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key and F. Edward Mitchell, Sp. Assts. to Atty. Gen., and C. M. Charest, General Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for the Commissioner of Internal Revenue.

George T. Weitzel, of Washington, D. C., for Angier Corporation.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

No. 2516 is an appeal from an order or decision of the Board of Tax Appeals reversing a decision of the commissioner determining the liability of the Angier Corporation, transferee of the Angier Mills, for an additional income and profits tax for the year 1918, assessed against the Angier Mills.

The question presented is whether the deficiency or additional tax assessed by the commissioner for the year 1918 against the Angier Mills was barred by the statute of limitations and therefore uncollectible from the Angier Corporation, to which all the property of the Angier Mills had been transferred.

The statutes involved are the Revenue Act of 1918, ch. 18, § 250 (d), 40 Stat. 1083; the Revenue Act of 1921, ch. 136, § 250 (d), 42 Stat. 265; Revenue Act of 1924, ch. 234, § 277 (a) (2), (b), 26 USCA § 1059 note and section 278 (c) (d) (e), 26 USCA §§ 1060 note, 1061 note and 1062; and the Revenue Act of 1926, ch. 27, § 280, (a) (1), (b) (1) and (2), and (c) and (d), 26 USCA § 1069 (a) (1), (b) (1, 2), (c) and (d).

The Angier Corporation is a Massachusetts corporation organized in 1920, with its principal place of business at Framingham, Mass. Edward H. Angier is its president and treasurer and has been from its inception.

The Angier Mills is also a Massachusetts corporation, organized in 1904. From 1907 to 1921 it had its place of business at Ashland, Mass. Edward H. Angier was its treasurer in 1917; and was its president, treasurer, and a director in 1918, 1919, and 1920. His last election as director, president, and treasurer was February 14, 1920. Since then no election of officers or directors of this corporation has been had.

Edward H. Angier owned all the stock of the Angier Mills, but on December 31, 1920, the Angier Corporation acquired all of this stock in exchange for its own capital stock. December 30, 1921, Angier Mills transferred to the Angier Corporation all of its property and after that date ceased to hold meetings or do business, and on March 31, 1923, on the application of the Angier Corporation, its sole stockholder, it was dissolved under a statute of Massachusetts authorizing such dissolution but continuing the corporation in existence for three years for the purpose of winding up its business and suing and being sued. Gen. L. Mass. c. 155, §§ 50, 51. The transfer on December 30, 1921, of the property and assets of the Angier Mills was in liquidation of its capital stock and the property transferred was of a net value in excess of the tax here involved.

The Angier Mills filed its tax return for the year 1918 on April 11, 1919. The tax shown by this return was paid on or before December 15, 1919. Thereafter the commissioner examined the return and on October 31, 1924, pursuant to section 274 (a) of the Revenue Act of 1924 (26 USCA § 1048 note), mailed a deficiency notice addressed to Angier Mills, Framingham, Mass., notifying it of an additional tax of $25,797.34. On this notice no action was taken by the taxpayer, and in March, 1925, the commissioner assessed an additional tax in the amount of $25,797.34, which he thereafter reduced to $18,876.19. January 20, 1923, a written waiver, consenting to a determination, assessment, and collection of the amount of the tax due under any return made by Angier Mills

for the years 1917 to 1921, inclusive, under the Revenue Act of 1921, or prior acts, without limitation as to time, was signed, "Angier Mills, Taxpayer, E. H. Angier, President, D. H. Blair, Commissioner." January 31, 1924, a like waiver for the year 1918, to "remain in effect for a period of one year after expiration of the statutory period of limitation, or the statutory period of limitation as extended by waivers already on file," was signed "Angier Mills, E. H. Angier, Treasurer, Taxpayer, D. H. Blair, Commissioner." And on January 25, 1924, a like waiver was executed for the year 1917, to "remain in effect for a period of one year after expiration of the statutory period of limitation or the statutory period of limitation as extended by any waiver already on file." The originals and photostatic copies of these waivers bear the corporate seal of the Angier Mills.

February 9, 1927, the commissioner, pursuant to section 280 of the Revenue Act of 1926 (26 USCA § 1069), mailed a notice to the Angier Corporation, transferee of the assets of the Angier Mills, notifying it of his determination of its liability for the 1918 tax of the Angier Mills.

From the foregoing it appears that, as to the 1918 tax, the period of limitation, provided for in section 250 (d) of the Act of 1918 (40 Stat. 1083), section 250 (d) of the Act of 1921, 42 Stat. 265, and section 277 (a) (2) of the Act of 1924 (26 USCA § 1057 note), for assessing the tax against the Angier Mills had expired before the act of 1926 was passed. This being so, the period of limitation for assessing the Angier Corporation, transferee, on its liability for said tax, is governed by section 280 (b) (2) of the Revenue Act of 1926, 26 USCA § 1069 (b) (2), which provides:

"(b) The period of limitation for assessment of any such liability of a transferee * * * shall be as follows:

* * *

"(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period [the 5 year period, or such period extended by waiver],—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act."

It also appears from the facts above set forth that the period of limitation for assessing the liability of the Angier Corporation as transferee, for the 1918 tax, under the above-quoted statute, had expired before February 9, 1927, when the commissioner mailed the notice to the Angier Corporation, unless the tax against the Angier Mills was seasonably assessed by virtue of the extension of time granted by the waivers of January 20, 1923, and January 31, 1924. And the latter question depends upon whether either of the signatures of the Angier Mills, appearing upon the waivers, as made by Edward H. Angier in the capacity of president, or treasurer, was valid.

As above pointed out, Mr. Angier was the treasurer of the Angier Mills in 1917. He was de jure and de facto president, treasurer, and director of that corporation in 1918, 1919, and 1920. March 27, 1918, he filed with the commissioner the tax return of the Angier Mills for the calendar year of 1917. April 11, 1919, he filed its tax return for the calendar year 1918; and on March 14, 1921 (more than a year after his last election), he filed a like return for the year 1920, and, although he may have ceased to be a de jure officer on or about February 14, 1921, he nevertheless continued to act as a de facto officer thereafter, for the record also shows that, on December 30, 1921, he effected, in behalf of the Angier Mills, the transfer of all its property and assets to the Angier Corporation, and thereafter continued to act in its behalf, for on January 20, 1923, he signed a waiver in its behalf as president, and on January 25, 1924, and on January 31, 1924, he signed two other waivers in its behalf as treasurer, and affixed the seal of the corporation to all three. He undoubtedly acted as de facto officer of the Angier Mills during a period of about two years preceding its dissolution in 1923, and thereafter during the winding up of its affairs; and, as such, exercised and had authority to sign the waivers, for these acts were but steps in the liquidation of the corporation. See United States v. Kemp (C. C. A.) 12 F. (2d) 7; Hudson v. Parker Mach. Co., 173 Mass. 242, 53 N. E. 867; Stratton Mass. Gold Mines Co. v. Davis, 222 Mass. 549, 111 N. E. 375; Brinkerhoff v. Jersey City, 64 N. J. Law, 225, 46 A. 170.

It is argued that the notices of determination sent to the Angier Mills at Framingham, Mass., should have been sent to the Angier Mills at Ashland. Little reliance can be placed on this contention. When the letters were sent the Angier Mills had ceased doing business at Ashland. Its property and assets had all been transferred to the Angier Corporation. Its stock was then all owned by that corporation. Its president

and treasurer was then the president and treasurer of the Angier Corporation located at Framingham, and it would have been an empty thing to have sent the notices to Ashland.

No. 2517 is an appeal from an order or decision of the Board of Tax Appeals modifying a decision of the commissioner determining the liability of the Angier Corporation, as transferee of the Angier Mills, for an additional income or profits tax of the latter company for the year 1920, claimed to have been assessed against the Angier Corporation.

It appears that on March 14, 1921, the Angier Mills filed a consolidated tax return for itself, the Angier Mechanical Laboratories, the Mansfield Company, and the Van de Carr Paper Company for the year 1920, and the tax thereon was duly paid. Thereafter the commissioner examined the return, and January 2, 1926, pursuant to section 274 (a) of the Revenue Act of 1924 (26 USCA § 1048 note), mailed a 60-day deficiency notice addressed to the Angier Mills, Framingham, Mass., notifying it of an additional consolidated tax liability of $13,800.86 for the fiscal year 1920. No appeal was taken by the taxpayer and no further action was taken by it in respect to the additional tax. February 23, 1926, the commissioner mailed a 60-day notice to the Angier Mills, Framingham, Mass., of an additional assessment against it of $13,800.86 and stating that "this letter supersedes Bureau letter dated January 2, 1926."

On March 8, 1926, the five-year period having nearly elapsed, a jeopardy assessment of the additional tax of $13,800.86 was made by the commissioner. See section 279, chap. 27 of the Revenue Act of 1926 (26 USCA §§ 1051, 1063). This assessment was later reduced to $11,336.25.

On April 12, 1926, pursuant to section 279 (b) of the Revenue Act of 1926, 26 USCA § 1051 (b), the commissioner mailed a 60-day letter of deficiency notice to the Angier Mills, Framingham, Mass., notifying it of an assessment against it in the amount of $13,800.86 and of its right of appeal to the Board of Tax Appeals, and stating that, "This letter supersedes Bureau letter dated February 23, 1926."

The consolidated tax for the year 1920 was assessed against the Angier Mills alone, instead of being assessed against the affiliated companies on the basis of the net income properly assignable to each. There was no agreement that this should be done

and there was no notice to the commissioner to so assess the tax.

On February 9, 1927, the commissioner, pursuant to section 280 of the Revenue Act of 1926, mailed a 60-day notice to the Angier Corporation, the transferee of the assets of the Angier Mills, for the tax year 1920, as well as the years 1917 and 1918.

The Board of Tax Appeals held that the commissioner properly asserted the deficiency for 1920 against the Angier Corporation, as transferee, but only for $7,526.33, or so far as the tax was assessable to the Angier Mills based on the net income properly attributable to it. In redetermining the amount of the tax of the Angier Mills as $7,526.33, the board acted in pursuance of section 240 (b) of the Act of 1926 (26 USCA § 993 (b).

In this petition to review the holding of the Board of Tax Appeals, affirming the decision of the commissioner as to the liability of the Angier Corporation, as transferee, for the additional tax of the Angier Mills, the petitioner, the Angier Corporation, is not questioning the power of the board to cut down the tax of the Angier Mills to $7,526.-33, but complains that the board erred in affirming the commissioner's determination of the liability of the Angier Corporation for such deficiency tax.

It is difficult to determine the precise nature and scope of the errors assigned by the petitioner, but they apparently are: (1) That the Board erred in not holding that the deficiency notice to the Angier Corporation of February 9, 1927, was invalid, for the reason that the notice included a deficiency tax against the Mansfield Company for 1918 and the first three months of 1920; (2) in holding that the liability of the Angier Corporation for the deficiency tax of the Angier Mills for the year 1920 existed and may be enforced, (a) for the reason that the deficiency notice of April 12, 1926, to the Angier Mills was invalid, in that it was not sent within the five year period, and (b) for the further reason that no valid tax for 1920 was assessed against the Angier Mills within five years of its tax return; and (3) that it erred in not holding that section 280 of the Revenue Act of 1926 (26 USCA § 1069) is unconstitutional.

The petitioner takes nothing by the first assignment above specified. The deficiency notice to the Angier Corporation of February 9, 1927, contained a complete statement showing what tax had been determined against the Angier Mills for 1920, and fixing

the amount of the tax at $11,336.25. The Angier Corporation, therefore, received definite notice of the tax for 1920 for which it was to be held liable as transferee, and we are unable to see wherein it could have been more definitely notified of the nature and the amount of the tax, for which it was to be held liable, had the notice contained no reference to its liability for other years.

The second assignment of error, subdivision (a), is apparently based on the assumption that the notice of April 12, 1926, to the Angier Mills is the notice upon which the jeopardy assessment of March 8, 1926, or any other assessment against the Angier Mills for the year 1920, was predicated, and, not having been mailed within five years from the filing of its tax return, it was invalid as a deficiency notice and as a basis for the assessment of a tax against the Angier Mills for that year. It seems to us that the difficulty with this contention is that the notice of April 12, 1926, is not the notice upon which the commissioner relies as a determination of the deficiency tax against the Angier Mills. There seems to have been an abundance of notices in this case, for the commissioner notified the Angier Mills of the deficiency tax on January 2, 1926, and again on February 23, 1926, both of which notices were given within five years from the filing of its tax return. The fact is that the letter of April 12, 1926, was sent after the jeopardy assessment of the additional tax was made on March 8, 1926, and section 279 (b) of the Revenue Act of 1926, 26 USCA § 1051 (b) provides:

"(b) If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under subdivision (a) of section 274, then the Commissioner shall mail a notice under such subdivision within 60 days after the making of the assessment.".

■ It thus appears that the notice of April 12, sent after the jeopardy assessment, was given out of abundant caution, for, previous to the jeopardy assessment, two deficiency notices, such as are called for under subdivision (a) of section 274 (26 USCA § 1048 note), had been seasonably sent to the Angier Mills determining its tax. It is of no consequence that the notice of April 12, 1926, was not given within five years of the date of the tax return. It was given within 60 days after the assessment (section 279 (b)). The only assessment made was under section 279 (a), 26 USCA § 1051 (a) which provides:

"If the commissioner believes that the assessment or collection of a deficiency will be jeopardized by *delay,* he shall immediately assess such deficiency. * * * "

This means that he may, in such case, make an assessment although previous notice of a deficiency has not been given. The deficiency notice was seasonably given.

The position taken in the second assignment, subdivision (b), that the assessment against the Angier Mills of March 8, 1926, is invalid as not having been made within five years after its tax return was filed, is without merit, for it was made within five years.

The only objection that could be urged against that assessment would seem to be that the amount was too large, due to the fact that it was based in part upon income which should have been apportioned to the other affiliated companies. If the Angier Mills was not satisfied with the amount of the tax assessed against it, it could have appealed, but it didn't; and whether it was open to the Angier Corporation to question the amount of the tax before the Board of Tax Appeals, it is not open here, for the Board of Tax Appeals, in determining the liability against it as transferee, has determined its liability to be for a tax based only on the proportion of income properly attributable to the Angier Mills for 1920.

■ The petitioner has failed to point out wherein section 280 of the Act of 1926 is unconstitutional. The reasonable construction and application of that section does not call for the exercise of unwarranted power and, as here construed and applied, no such power has been exercised. It apparently thinks that when the letter of February 9, 1927, was sent notifying it of its liability for the tax, no liability for the tax existed against the Angier Mills, but, as we have above pointed out, such liability then existed. In its brief the petitioner states that "the better reasoning seems to be in favor of the validity of the section," and we are of that opinion.

The Angier Corporation has filed a motion to dismiss the petition for review in No. 2516, claiming that its liability has been extinguished, and, therefore, the question raised is moot. It bases this contention on the ground that the recital in a certificate of discharge of a lien, recorded in the registry of deeds, in Massachusetts, to the effect that the tax in question had been paid was conclusive of that fact. In support of this contention it relies upon subdivision (d) of section 613 of the Revenue Act of 1928, 26 US

892

CA § 115 (d), amending section 3186 of the Revised Statutes, which reads:

"(d) A certificate of release or of partial discharge issued under this section shall be held conclusive that the lien upon the property covered by the certificate is extinguished."

 While this section makes the certificate conclusive that the lien is extinguished, it does not make the recital that the tax has been paid conclusive, and there is no contention here that the tax in question has been paid. The question of the liability of the Angier Corporation for the tax is not moot.

Furthermore, the certificate in the registry was filed before any further tax had come into existence, and the release of the lien was filed in the registry under a complete misapprehension of the situation. But whether a lien for the tax did or did not exist at the time the certificate was filed, and whether the release was or was not given and filed under a misapprehension, is of no consequence in the matter here under consideration.

The motion to dismiss the petition for review is denied.

In 2516, the order or decision of the Board of Tax Appeals is vacated, and the case is remanded to that board for further proceedings not inconsistent with this opinion.

In No. 2517, the order or decision of the Board of Tax Appeals is affirmed.