*Northern District*

No. 5843

IRVING LEVITT CO., INC.

v.

BOONE'S, INC. &

SUMNER TRILLING &

HERBERT ALFOND &

BAY STATE MERCHANTS NATIONAL BANK, TRUSTEE

MERRILL ROSENBERG &

JASON ROSENBERG, ADVERSE CLAIMANTS

April 22, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Darcy, J.* in the District Court of Lawrence. No. 523 of 1963.

*Connolly, J.* This is an action of contract commenced by trustee writ. Service was made on the trustee at 10:25 A.M. on *March* 28, 1963. Its answer stated that it was holding funds of the defendant in the amount of $5000.

Merrill Rosenberg and Jason Rosenberg, under the provisions of G. L. c. 246, §33,

entered an appearance in the case and claimed the funds of the defendant in the hands of the trustee, alleging that they were assignees of the defendant for the benefit of its creditors. They moved that the court order that the funds be turned over to them in their capacity as assignees.

At a hearing on the motion, evidence was given as follows:

Merrill Rosenberg testified that on the morning of *March* 28, 1963, at or about 7:00 or 7:15, the defendant Boone's, Inc., through one of its officers, appeared in his office and executed an assignment for the benefit of creditors naming Rosenberg and Rosenberg as assignees. That said Rosenberg and Rosenberg never represented Boone's, Inc. but in fact represented a creditor of Boone's, Inc., another Mr. Rosenberg who is a brother of the assignees, and sold lobsters to Boone's, Inc. This claim was $1600. The testimony further was that the instrument of assignment was executed at or about 7:15 A.M. on *March* 28, 1963 and was assented to by only one creditor at this time, that is by the brother of the assignees.

The instrument was recorded with the Town Clerk in the Town of Andover on *March* 28, 1963 at 10:49 A.M. which is 24 minutes *after* the trustee writ in this case was served upon the trustee.

The Bay State Merchants National Bank, through its assistant cashier, Donald Labbe, testified that at the time of service of the

trustee writ upon it, there were funds on deposit in the name of Boone's, Inc. The assignees never took possession of said funds prior to the service of trustee writ.

Jason Rosenberg testified that subsequent to *March* 28, 1963 notice of the assignment was sent to creditors of Boone's, Inc. and that a majority, but not all, of the creditors assented to said assignment. The plaintiff herein never assented to this agreement. This witness further testified that he, as assignee, had not taken possession of any of the assets of Boone's, Inc. or of the funds in question. This witness further testified that he recorded the assignment at the Town of Andover at 10:49 A.M. on March 28, 1963.

The court entered the following:

"FINDINGS & RULINGS OF COURT ON MOTION OF ADVERSE CLAIMANTS TO ESTABLISH TITLE TO FUNDS IN NAME OF THE TRUSTEE."

The motion of the adverse claimants under G. L. c. 246, §33 is hereby allowed.

It is ordered that the Bay State Merchants National Bank of Lawrence pay over all funds in its possession in the name of Boone's, Inc. to Rosenberg and Rosenberg, attorneys as assignees for the benefit of the creditors of Boone's, Inc.

The court *finds* as follows:

The assignment was executed in proper order and the property vested in the assignees at the time of assignment and was no longer attachable by creditors of Boone's, Inc. as the property of

said corporation. No notice was given to creditors of the assignor. At the hearing before the court, the plaintiff failed to prove that its attachment was prior to the execution of the assignment for the benefit of creditors. The assignment was accomplished prior to the legal service of attachment by the plaintiff Irving Levitt Co., Inc. At least one creditor assented to the execution of the assignment which was completed at 7:15 A.M. on March 28, 1963. The bank was served at 10:25 A.M. on March 28, 1963. The instrument of assignment was recorded in the office of Town Clerk of Andover at 10:49 A.M. on March 28, 1963. The court does not find any fraud in this case.

We consider the unqualified allowance of the motion and the ruling "the property vested in the assignees at the time of the assignment and was no longer attachable by creditors of Boone's, Inc. as the property of said corporation", prejudicial error.

The three most significant facts in the case are:

The funds of the defendant, held and acknowledged by the trustee in its answer, amounted to $5000.

The claim of the one assenting creditor, at the time of the service on the trustee, was $1600.

The assignees had not taken possession of the funds held by the trustee at the time of the service on the trustee.

"Where the debts of the assenting creditors amount to less than the trust fund, the assign-

ment is held good pro tanto and the residue of the assigned property is liable to attachment, either in the hands of the assignees, *or if uncollected, in the hands of the debtors of the assignors."* (emphasis added).

*Everett v. Wolcott,* 15 Pick. 94, 97; *The Fall River Iron Works Company v. Croade and Trustee,* 15 Pick. 11; *Douglas v. Simpson,* 121 Mass. 281; *Faulkner v. Hyman,* 142 Mass. 53.

And the attachment of the plaintiff could not be defeated by the subsequent assent of any other creditors to the deed of assignment. *Bradford v. Tappen,* 11 Pick. 76.

The adverse claimants in their brief and argument stressed the cases of *Reddy v. Raymond,* 194 Mass. 367 and *Cropper v. Gorham,* 221 Mass. 119. Both differ in material respects from the one under consideration.

In the *Reddy* case, the property attached was stock-in-trade of a grocery store which the assignee had taken possession of and notice of this fact had been given the attaching creditor before attachment. Here, the assignees had not taken possession of the money involved. *Everett v. Wolcott,* 15 Pick. 94, 97.

In the *Cropper* case, the court pointed out that it was not contended that the assets in the hands of the assignee were sufficient to satisfy the claims of the assenting creditors. In the case under consideration, there is, as noted, a substantial surplus in the hands of

the trustee over the amount due the assenting creditor and this surplus we hold is subject to the plaintiff's attachment. *Douglas v. Simpson,* 121 Mass. 281.

The case is remanded to the District Court of Lawrence for a further hearing to determine the amount of that debt.

The allowance of the motion of the adverse claimants is set aside. After the amount due the assenting creditor at the time of service on the trustee is ascertained, the motion is to be allowed for that amount only. The balance of the funds is to be held by the trustee pending the termination of the case.

Joseph Krinsky, of Boston, for the Plaintiff.

Raymond M. Sullivan, of Lawrence, for the Defendant.