GEORGE A. GRAVES & others *vs.* ELISHA MORGAN & others.

Hampden.    September 23, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Assignment,* For benefit of creditors.   *Release.*   *Contract,* Rescission.

If one named as trustee in a tripartite agreement, of an insolvent corporation with
the trustee and such creditors as shall assent to it in writing, addresses a circular
to creditors requesting them to execute and return an enclosed form of assent,
and if the circular states that it is the purpose of the trustee to convert the
assets of the company into cash and pay the creditors the proceeds pro rata, and
omits to state that the agreement to be assented to releases the corporation
from its debts, whereas the agreement contains such a release, a creditor has the
right to rescind his assent executed in response to the circular.   A statement in
such a circular "that any further information will be furnished upon applica-
tion" does not excuse the omission or affect the right of rescission.

FIVE PETITIONS of creditors to be joined as parties plaintiff
in a pending suit in equity, to enforce against officers of the
Bullard Camera Company, an insolvent Massachusetts corpo-
ration, their statutory liability for its debts.

The answers to the petitions set up that the petitioners had
previously released and forever discharged the Bullard Camera
Company from all claims, debts and demands, by assenting to
the terms of an assignment of the Bullard Camera Company to
one named as trustee, for the benefit of its creditors, dated May
24, 1901.

In the Superior Court *Aiken,* J. made decrees declaring that
the matters answered and offered in defence by the respondents
did not bar or preclude the petitioners from being admitted as
parties plaintiff and as such prosecuting the suit in equity above
mentioned, and ordered that the petitioners be made parties
plaintiff to prosecute the suit.

The judge further declared that these decrees were made as
a matter of law and not as a matter merely of discretion, and
being of the opinion that the decrees so affected the merits of
the controversy that the matter ought before further proceed-
ings to be determined by this court, at the request of the re-
spondents, reported the question for the consideration of this
court; and ordered that all further proceedings in the trial court,

except such as were necessary to preserve the rights of the parties, should be stayed. If the decrees were right, they were to be affirmed; otherwise, the petitions were to be dismissed.

*W. R. Heady*, for the petitioners.

*C. H. Beckwith*, for the respondents Morgan and Bowman.

BARKER, J. Each of the petitioners is in a similar position. Each has signed and delivered a writing not under seal thereby assenting to the terms of an indenture, called in the instrument of assent an assignment, bearing date May 24, 1901, and executed by the president and treasurer of the Bullard Camera Company and an assignee, under a vote of the company to assign for the benefit of its creditors all of its property to said assignee. The indenture was tripartite, with the company as party of the first part, the assignee as party of the second part, and as parties of the third part such creditors of the company as should assent in writing to its terms either by signing the indenture or by signing and delivering to the assignee any other writing expressing an assent to the terms of the indenture.

Each of the petitioners and divers other creditors of the company has signed and delivered to the assignee a writing stating that the signer thereby assents " to the terms of the assignment of the Bullard Camera Company to you, dated May 24, 1901." No creditor has signed the indenture itself. One of its terms is that the " parties of the third part do hereby severally and respectively, each and every one of them, release, acquit and forever discharge said party of the first part from all such claims, debts and demands, excepting as hereinafter provided, viz. . . . And provided further that no party of the third part holding security shall or does hereby release or impair or in any manner affect his right to such security."

The bill to which the petitioners ask leave to be admitted as parties plaintiff is brought by an execution creditor of the company to enforce against the defendants as its officers a joint and several liability for its debts under the provisions of R. L. c. 110. The answers to the petitions deny the right of the petitioners to be made parties to the bill, on the ground that they are not creditors of the company and have released and discharged it by assenting to the terms of the indenture of May 24, 1901. No replications have been filed, and in this state of

the pleadings the petitions have been heard upon the evidence of the parties by a judge of the Superior Court, who has entered decrees to the effect that the matters answered and offered in defence by the respondents do not bar the petitioners from being admitted as parties plaintiff to the bill and admitting each of them as a plaintiff to prosecute the suit. The judge who entered the decrees being of opinion that they so affect the merits of the controversy that the matter ought to be determined by the full court before further proceedings, has reported the petitions to us and by the terms of his report the decrees if right are to be affirmed ; otherwise, the petitions are to be dismissed.

There is no report of the evidence, save a statement that the respondents offered in evidence the matters set out in the report. It states that the indenture was recorded on May 25, 1901, in the clerk's office of the city of Springfield, and that on or about that day the assignee sent to all the creditors identical communications consisting of a circular letter, a statement of the financial condition of the company and a printed form of assent, and that in response he received assent slips signed by each of the petitioners. None of them had then seen the indenture of May 24 or any copy of it, and none had any further information or knowledge about it than was contained in the circular letter. After the receipt of the slips by the assignee the petitioners sent their claims to local attorneys to prosecute them against the company, and upon learning the facts set out in the bill in equity directed the bringing of these petitions to join in the bill. The original plaintiffs in the bill were judgment creditors and entitled to bring it. There are other creditors of the company who have signed similar slips, and the report finds that all signatures of assent were obtained by the same method and given in the same manner and upon the same information conveyed as has been stated with reference to the petitioners. Up to the time of the hearing on the petitions nothing had been paid or tendered to any of the creditors under the assignment and no dividend under it had been declared, but the assignee was then ready to declare a first and final dividend of less than ten per cent.

We are of opinion that the decrees properly could be made upon the pleadings and the facts stated in the report. Whether

the indenture was or was not under seal does not appear. The written assents signed by the petitioners were simple contracts which they could rescind for fraud, and if they constituted an obstacle to the petitioners becoming parties plaintiff to the bill, it might be found that the bringing of the petitions was a rescission of the assents. Fraud may lie in suppression or concealment. The situation of the company, of the assignee and of the assenting creditors is to be taken into account. The request for the assents came from the assignee, and in asking for it he held himself out simply as a trustee appointed by the company to take its property for the benefit of its creditors.

The circular letter stated his appointment to be such a trustee and that it was his purpose to convert the assets of the company into cash and pay the creditors the proceeds to be divided pro rata, and asked the early co-operation of the creditors by executing and returning the assent at their earliest convenience. It contained no intimation of any release of the company from the claims of the creditors, nor any statement from which it could be inferred that such a release was one of the terms of the proposed arrangement. It did not state that there was an indenture of three parties one of which was the company, another the assignee and the third the assenting creditors. With reference to any instrument it said only that in consequence of the crisis in the financial affairs of the company it had been "deemed best to appoint a trustee and assign the property of the company to him for the benefit of the creditors" and that it was "the purpose of the trustee to convert the assets of the company into cash and pay the creditors the proceeds, to be divided pro rata." Nor did the form of assent purport to be an assent to a release of the company, nor to anything more than to the terms of an assignment from the company to the writer of the circular letter.

In the light of the situation as it was known to the company and to the assignee, and of the actual tenor of the indenture, which was much more than an assignment by the company of its property for the benefit of its creditors, we think the omission of all statement of and of all reference to the release of the company from its debts, could be found to be a suppression and concealment of material facts which the assenting creditors had

a right to have disclosed to them when asked to sign the assent, and which not being disclosed they well might suppose not to exist. The statement of the circular that "Any further information will be furnished upon application" was not enough to bar them from rescinding their contracts of assent when they were informed of their true nature and extent. That statement is to be read with the information explicitly conveyed that the instrument to which assent was asked was an assignment of the property of the company for the benefit of its creditors, and the omission of the fact that it contained a release of the corporation from its debts. It seems to us that the bringing of these petitions upon obtaining knowledge of the true situation was a sufficient rescission of the implied contract to release the company.

The circular letter with its partial and fragmentary statements, containing no intimation of a release of the company from its debts, and so drawn as to lead naturally to the inference that the instrument to which it asked assent was merely a conveyance of property in trust for the benefit of creditors, was also a communication from a person in the position of a trustee to persons whom he was asking to become beneficiaries of his trust. This proposed relation called for a full and complete disclosure of all material facts known to the proposed trustee and of which the creditors might be and were in fact uninformed.

Holding these views we find it unnecessary to consider the effect of that proviso of the indenture which states that no creditor holding security shall or does by the indenture release or impair or in any manner affect his right to such security.

If, as is possible, the construction which we have given to the report is not that intended by the judge who entered the decrees, such course can be taken in the Superior Court as will do justice between the parties.

*Decrees affirmed.*