THEODORE HOAGUE, trustee, *vs.* HARRY W. CUMNER.

Suffolk.　November 30, 1904. — January 7, 1905.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Bankruptcy. Assignment,* For benefit of creditors. *Insolvency.*

Under the bankruptcy act of 1898 an assignment for the benefit of creditors good at common law cannot be set aside by a trustee in bankruptcy if made more than four months before the filing of the petition in bankruptcy.

An assignment for the benefit of creditors good at common law is none the less valid in relation to the bankruptcy act of 1898 because no copy of it has been deposited with the clerk of the city or town in which the principal business of the debtor is carried on as required by R. L. c. 147, §§ 21, 22, for the purposes of proceedings in insolvency, those provisions having no reference to the bankruptcy act or to the rights of creditors at common law and like other parts of our insolvency law being suspended so long as the bankruptcy act continues in force.

BILL IN EQUITY, filed March 16, 1904, by the trustee in bankruptcy of the estate of one Winthrop Messenger of Boston to set aside a conveyance to the defendant purporting to be a common law voluntary assignment for the benefit of creditors.

In the Superior Court *Hardy,* J. made a decree dismissing the bill with costs; and the plaintiff appealed. At the request of the plaintiff the judge appointed a commissioner under Chancery Rule 35 to take the evidence in the case to be reported to this court.

*A. Lincoln,* for the plaintiff.

*G. F. Piper,* for the defendant.

KNOWLTON, C. J.　The plaintiff is the trustee in bankruptcy of one Messenger, who, more than four months before the commencement of the proceedings in bankruptcy, made an assignment of his property to the defendant for the benefit of his creditors, which was assented to by a majority of them, both in number and value. This bill is brought to set aside the assignment and recover the property. It was said by the plaintiff's counsel, at the hearing, that no question was made in regard to the validity of the assignment, except that a copy of it was not deposited with the clerk of the city or town in which the principal business of the debtor was carried on, as is required by the R. L. c. 147, § 22.

Construing the assignment, first, as valid at common law and under the statutes of this Commonwealth, (see *Faulkner* v. *Hyman*, 142 Mass. 53,) and postponing for the moment the consideration of the statute just referred to, the length of time that the assignment had been in force prior to the commencement of the proceedings in bankruptcy rendered its validity free from disturbance by these proceedings. We have been referred to no case which decides or intimates that, under the present statute, conveyances valid at common law and under local laws can be set aside on account of proceedings begun after the expiration of four months from the time of their execution. Under the bankruptcy act, U. S. St. 1898, c. 541, conveyances made in fraud of the act within four months prior to the filing of the petition in bankruptcy are void. § 67 *e*. The implication is that, if there is no other element of fraud than a fraudulent preference under the statute, or an act of bankruptcy committed more than four months before the commencement of the proceedings, the trustee acquires no right to interfere with the conveyance. Section 70 *e*, which gives the trustee a right to avoid any transfer that might have been avoided by any creditor, includes all conveyances which are fraudulent against creditors at common law, but it does not include an assignment like the present, which we have assumed to be valid both at common law and under our statutes.

We come now to the plaintiff's second contention, namely, that the conveyance was rendered void by the R. L. c. 147, §§ 21, 22, because no copy of it was filed in the office of the town clerk. The contention is that any creditor who did not assent to it might set aside the assignment by an attachment for his debt, and that therefore the trustee is entitled to the property under § 70 *e*, of the bankruptcy act. This statute has no reference, either to the bankruptcy act, or to the rights of creditors at common law. It is intended for the protection of trustees, acting in good faith under assignments for the benefit of creditors, in cases in which the assignment is set aside because of subsequent proceedings in insolvency. The failure to satisfy the conditions of § 22 does not affect the validity of the assignment. It simply leaves the assignee without the protection given in § 21, when the assignment is set aside on account of subsequent proceedings in insolvency. Like other parts of our

insolvency law, it is superseded by the bankruptcy act, and remains in abeyance so long as the bankruptcy act continues in force. See *Parmenter Manuf. Co.* v. *Hamilton*, 172 Mass. 178. The assignment is valid, notwithstanding the proceedings in bankruptcy.

*Decree affirmed.*