ILLINOIS WATCH CASE COMPANY *vs.* COWAN-MYERS COMPANY & others.

Suffolk. October 22, 1924. — November 26, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Equity Jurisdiction*, To reach and apply property conveyed with intent to hinder, defeat or defraud creditors.

A corporation, being unable to liquidate its outstanding obligations in full or to meet them as they matured, and desiring an extension of time from its creditors, executed an assignment and transfer of all its property to trustees under an agreement which, after reciting that the corpora-

tion "is now possessed of assets ample and sufficient to pay its indebtedness in full," provided that the business of the corporation was to be continued until full payment was made of certain promissory notes to be executed by the corporation unless the business should sooner be liquidated by the trustees; and that the trustees were vested with full discretion as to whether they should discontinue the operation of the business and liquidate it.   The face of the instrument showed that the transfer was not made for the general benefit of all the creditors but primarily for the benefit of creditors who had assented and had accepted notes in settlement of their debts.   A creditor who had not assented to the assignment sought by a bill in equity to reach and apply property in the hands of the trustees in payment of his debt.   *Held*, that

(1) The recital of the trust instrument, that the "corporation is now possessed of assets ample and sufficient to pay its indebtedness in full," was not conclusive of that fact;

(2) It was not necessary for the plaintiff in the circumstances to prove an actual intent of the corporation to hinder, delay or defraud its creditors;

(3) While no question of moral turpitude was presented, it must be presumed that the corporation intended the natural consequences of its act, which would place the defendant's property beyond the legal pursuit of creditors;

(4) The plaintiff, not having become a party to the trust, was not bound by it and was entitled to maintain the bill.

BILL IN EQUITY, filed in the Superior Court on March 28, 1922, to reach and apply, in payment of a debt owed to the plaintiff by Cowan-Myers Company, the proceeds of property alleged to have been assigned and transferred to Horace M. Peck and Walter Hartstone as trustees under the instrument described in the opinion with intent to hinder, delay and defraud creditors of the corporation.

In the Superior Court, the suit was heard by *McLaughlin*, J., a commissioner having been appointed under Equity Rule 35 to take the evidence.   The defendants admitted that the corporation owed the plaintiff $2,298.46.   The judge made certain findings and rulings, among which were the following: "The plaintiff did not assent to the assignment, and alleges that it was made to hinder, delay and defraud creditors.   This question is largely to be determined from the instrument itself.   In one of its preliminary recitals it alleges that the Cowan-Myers Company, is now possessed of assets ample and sufficient to pay its indebtedness in full, . . . . It provides, among other things, that the business is

to be conducted by the trustees until full payment is made of certain promissory notes to be executed by the assignor, and which are not to mature finally until November 15, 1923, unless the business should be sooner liquidated by the trustees; that the trustees are authorized to retain and employ in the business the assets conveyed to them, and out of the moneys received from the operation of the business and the sale of the assets and from the collection of notes and accounts receivable to pay the cost incurred in the operation and management; that the trustees may purchase any goods or materials and pay therefor out of the moneys in their hands; that the trustees are vested with full discretion as to whether they shall discontinue the operation of the business and liquidate it. All these provisions indicate that the purpose of the assignment was not to place the property of the Cowan-Myers Company in the hands of assignees to enable them to distribute it or its proceeds among creditors, but to gain time for the assignor, so that, by preventing its creditors from attaching its property, it might defer paying them and at the same time continue its business. To do this was to hinder, delay and defraud the creditors of the company, and this I find was the intent of both parties. . . .

"After the execution of the assignment, the trustees on April 23, 1921, took possession of the assets and conducted the business through former officers of the corporation. They made the first three of the sixteen payments contemplated by the assignment, but were unable to make more, and in June, 1922, sold the business and assets of the company at auction and converted them into cash."

Other material facts are described in the opinion. The defendant having paid into court the sum of $3,000, a final decree was entered by order of the judge directing the payment therefrom of $2,553.14 to the plaintiff, and that the balance of the $3,000 be paid to the defendant trustees. The defendants appealed.

*W. Hartstone,* for the defendants.

*L. B. King,* for the plaintiff.

BRALEY, J. The answer admits that on April 23, 1921, the Cowan-Myers Company, a corporation engaged in the

business of selling at wholesale and retail jewelry, watches and kindred merchandise, transferred to the individual defendants as trustees for the benefit of creditors, all of its property consisting of stock in trade and bills receivable. The trustees were given full power to continue the business, or, if in their judgment advisable, they could discontinue, sell the assets in bulk or by parcel, and pay all present creditors holding claims amounting to $100 or less, and upon full payment of the charges and expenses of administration, and of certain promissory notes which were to be given by the corporation to assenting creditors in settlement of their respective claims, the property was to be reconveyed to the corporation discharged of the trust. See *Hatch* v. *Smith*, 5 Mass. 42; *Andrews* v. *Tuttle-Smith Co.* 191 Mass. 461. The recital that the corporation " is now possessed of assets ample and sufficient to pay its indebtedness in full," is not conclusive. *Hardy* v. *Skinner*, 9 Ired. 191. *Hardy* v. *Simpson*, 13 Ired. 132. It is apparent from the tenor of the conveyance and the admitted allegations of the bill, that at the date of transfer the corporation, being unable to liquidate its outstanding obligations in full, or to meet them as they matured, desired an extension, and the trust was created to enable the debtor to gain time. The face of the instrument also shows, that the transfer was not made for the general benefit of all creditors, but primarily for creditors who assented, and accepted notes in settlement of their debts. It was not necessary for the plaintiff under such conditions to prove an actual intent to delay, hinder or defraud creditors. *Norton* v. *Norton*, 5 Cush. 524, 528. While no question of moral turpitude is presented, it must be presumed that the corporation intended the natural consequences, which were to place the debtor's property beyond the legal pursuit of creditors. *Bernard* v. *Barney Myroleum Co.* 147 Mass. 356. *Gray* v. *Chase*, 184 Mass. 444. *Matthews* v. *Thompson*, 186 Mass. 14. *Smith* v. *Clark*, 242 Mass. 1, 6. The plaintiff, a creditor at the date of the transfer, not having become a party to the trust, is not bound by it, and can reach the funds in possession of the trustees in satisfaction of its debt, the amount of which with interest is not contested. *Widgery*

v. *Haskell*, 5 Mass. 144.   G. L. c. 214, § 3, cl. 9.   The judge found, that the trustees, who endeavored to carry on the business, were not successful, and that, after paying three of the sixteen payments on the notes as specified in the assignment, they converted the assets into cash, of which $3,000 has been paid into court to be held subject to its order.

The decree for the plaintiff directing payment from the deposit should be affirmed with costs of the appeal.

*Ordered accordingly.*