F. H. ROBERTS COMPANY *vs.* HOPKINS, INC. & others.

Suffolk.   December 10, 1936. — February 23, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Assignment,* For the benefit of creditors.  *Fraudulent Conveyance.*

An assignment by the proprietor of a restaurant for the benefit of his
   creditors, which empowered the assignee before liquidation and dis-
   tribution among assenting creditors to carry on the business for a
   period not exceeding three years and, if the assignee and a majority
   of the creditors so determined, for two years beyond that, was fraudu-
   lent in law as to a nonassenting creditor.

BILL IN EQUITY, filed in the Superior Court on March
26, 1935, against Hopkins, Inc., Herman A. Mintz, and
C. Harold Baldwin.

The suit was heard by *F. T. Hammond,* J.   It appeared
that the plaintiff had not assented to the assignment de-
scribed in the opinion.   A final decree was entered by order
of *Walsh,* J., adjudicating the debt due the plaintiff from
the corporate defendant and directing the individual de-
fendants to pay him that amount with interest and costs
within ten days.   The individual defendants appealed.

*R. B. Owen,* for the defendants.

*W. M. Parker,* (*H. Cutler* with him,) for the plaintiff.

QUA, J.   This is a bill to reach and apply assets formerly
of Hopkins, Inc., assigned by that corporation to the other
defendants as trustees by a general assignment for the bene-
fit of the corporation's creditors made on May 21, 1934.
The plaintiff was a then existing creditor of Hopkins, Inc.
The assignment provided for the ultimate distribution of
the assets among assenting creditors and that such credi-
tors released their claims against the debtor.

The assets consisted of fixtures, equipment and food sup-
plies in a restaurant operated by the assignor.   By the
terms of the assignment one of the purposes of the trust
was stated to be "To continue and carry on the business

of the debtor, for a period of time not exceeding thirty-six (36) months from the date of this instrument, and for such further time (not exceeding two (2) years) as the trustees with the written assent of a majority in number and amount of the creditors may determine . . . ," with power in the trustees to hire or lease the premises occupied by the debtor for a term not exceeding three years, to make improvements and additions to the equipment under conditional sales contracts or otherwise "to enable them to continue and carry on the business . . . advantageously," to borrow money at their discretion in connection with the operation of the debtor's business, to mortgage the trust property, and to apply for liquor licenses and to pay the fees therefor. There is no provision for the conversion of the assets into cash or for distribution among creditors until after the discontinuance of the business. Without reciting further details, a creditor who assented to this assignment would be deemed to have agreed that the assets of his debtor to which he must look for payment could be held at the continued risk of an already failing business for a period which might extend as long as five years. If a creditor did not assent, the assets were placed beyond his reach.

No debtor has a right to present to his creditor such an alternative as this. It is unnecessary to delimit here the extent to which an assignor may provide for temporary continuance of a business as a part of the process of gradual and orderly liquidation. See *Woodward* v. *Marshall*, 22 Pick. 468. It is enough for the purposes of this case to say that the only justification for an assignment for the benefit of creditors is found in its provisions for reasonably prompt and convenient liquidation and distribution of the debtor's assets. This assignment definitely contemplates that liquidation may not even begin for a period of time which is plainly unreasonable. However honest a debtor may be in his belief that in three years or five years conditions will be such that he can save his business and pay his debts, he cannot act as if his creditors also shared that belief and preferred to wait. The assignment was fraudulent in law.

*Bernard* v. *Barney Myroleum Co.* 147 Mass. 356.  *Illinois Watch Case Co.* v. *Cowan-Myers Co.* 250 Mass. 347.  *Renton* v. *Kelly,* 49 Barb. S. C. 536, affirmed 51 N. Y. 633. *Lowenstein & Bros.* v. *Love,* 16 Lea, 658.  *DeWolf* v. *A. & W. Sprague Manuf. Co.* 49 Conn. 282, 324.  *Gardner* v. *Commercial National Bank of Providence,* 95 Ill. 298.  *Jones* v. *Syer,* 52 Md. 211.  *Wilhelm* v. *Byles,* 60 Mich. 561, 567–568.  *Mattison* v. *Judd,* 59 Miss. 99, 104.  *Gutta Percha Rubber Manuf. Co.* v. *Kansas City Fire Department Supply Co.* 149 Mo. 538.  *North Ward National Bank of Newark* v. *Conklin,* 6 Dick. (N. J.) 7, 15.  *Gardner* v. *Commercial National Bank,* 13 R. I. 155, 166.  *Means* v. *Dowd,* 128 U. S. 273.  Compare *Samuels* v. *Charles E. Fogg Co.* 258 Mass. 402, 407.

The final decree is to be modified by providing that the payment by the defendants Mintz and Baldwin to the plaintiff shall be made within ten days from the entering of the decree after rescript and by changes in the interest figures made necessary by lapse of time, and as so modified is affirmed with costs.

*Ordered accordingly.*