A. G. WALTON & Co., INC. *vs.* BENJAMIN B. LEVENSON,
trustee.

Suffolk.    May 10, 1937. — September 24, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Assignment,* For the benefit of creditors.    *Contract,* Modification.

An assignment by a debtor, which provided that it was for the benefit
of such creditors as should assent to it "in writing," lawfully was
modified by a parol agreement between the assignor, the assignee,
and certain creditors that their assents could be made orally, and
upon such oral assents those creditors became parties to the assign-
ment.

After assents, to an assignment by a debtor for the benefit of creditors,
by creditors representing a sum greater than the value of the assets,
the assignee was not chargeable in trustee process brought by a non-
assenting creditor.

WRIT OF SCIRE FACIAS in the Municipal Court of the City
of Boston dated June 1, 1935.

After hearing, *Brackett,* J., found for the plaintiff in the
sum of $336.66.   On report to the Appellate Division, judg-
ment was ordered entered for the defendant.   The plaintiff
appealed.

*W. H. Gilday,* for the plaintiff.

*P. E. Cohen,* for the defendant, submitted a brief.

CROSBY, J.    This is a writ of scire facias.   It was brought
pursuant to G. L. (Ter. Ed.) c. 246, § 45, to secure judg-
ment and execution against the defendant, who had been
adjudged trustee in an action begun by the present plain-
tiff, by trustee process, against one Stanley J. Mintz as
principal defendant, and who had not paid on demand the
execution therein issued.

The case was heard before a special justice of the Munici-
pal Court of the City of Boston, who denied certain requests
for rulings filed by the defendant, found for the plaintiff
in the sum of $336.66 and reported the case to the Appel-
late Division.   Judgment was ordered entered for the de-

fendant, and the plaintiff's appeal from that order brings the case here.

The defendant's answers to the several interrogatories establish the following facts: On October 31, 1934, Stanley J. Mintz executed in writing an assignment of "merchandise and/or property" to the defendant, for the benefit of creditors. By its terms the defendant, "after deducting suitable compensation for his services as trustee under this agreement, and reasonable charges and expenses, including those for legal services . . ." was to distribute the net proceeds of the property assigned among those creditors of the assignor who did not fail "to assent in writing to the terms of the . . . [assignment] within sixty days from its date." The instrument was duly recorded, and the defendant the same day mailed to each creditor a form of assent under seal, with a letter of notification. On November 1, 1934, before service upon him on November 2, 1934, of the trustee writ in the original action, the defendant had received the written assents of creditors whose claims totalled $370.43, and other creditors, whose claims totalled $752.25, had orally agreed to the arrangement. It "was agreed and understood by the defendant in this action, the assignor . . . and those creditors . . . that were present, that their oral assent at that time was acceptable as an assent to the assignment . . . and, that the same may be confirmed in writing." After service of the trustee writ upon the defendant, those creditors who had orally assented on November 1, 1934, sent him their written assents. Between October 31, 1934, and November 6, 1934, the sum of $959.44 was realized by the defendant from the sale of the assets assigned.

Expenses of administration prior to the service of the trustee writ totalled $252.35, including a fee of $100 for the defendant's services as assignee. The defendant seeks also to be allowed $100 for an attorney's fee, and $125 as an additional assignee's fee for services rendered subsequently to the attachment.

The amount with which the trial judge charged the defendant was the difference between the amount realized

by the defendant from his sale of the assets, and the sum of the expenses of administration up to the service of the trustee writ, and the total of the claims of those creditors who had assented in writing prior to that service. In arriving at this result the judge denied as matter of law the defendant's seventh and eighth requests, both of which required a ruling that those creditors who orally assented before service of the trustee writ must be deemed to have properly assented, although no written confirmation of their action was received until after that service, and that, therefore, the defendant could not be charged.

Where creditors have become parties to an assignment, they may join with the assignor and assignee in varying the terms of the agreement, at least in so far as the resultant modification does not prejudice the rights of creditors who do not assent in that portion of the assets assigned which is not needed to satisfy the claims of assenting creditors. In such a case, they are the only persons having a beneficial interest in the property the distribution of which they seek to control, and their power over it is absolute. *Clap* v. *Smith,* 16 Pick. 247. *Small* v. *Sproat,* 3 Met. 303, 305. *Conkling* v. *Carson,* 11 Ill. 503, 509. An attaching creditor is not concerned as to how or to whom assets are distributed, if he has no claim against them in any event. *Foster* v. *Saco Manuf. Co.* 12 Pick. 451, 455.

No rule of law requires that the assent of a creditor be written, and the absence of such a provision in the terms of an assignment does not affect its validity. Under such an assignment, "it is only necessary that creditors should give such assent to its provisions as will recognize and affirm the acceptance and possession of the property by the assignee, as made and held for their benefit and in their behalf, in accordance with the terms of the assignment." *May* v. *Wannemacher,* 111 Mass. 202, 207. See *Jones* v. *Tilton,* 139 Mass. 418, 420; *Nutter* v. *King,* 152 Mass. 355, 357. *Brewer* v. *Pitkin,* 11 Pick. 298, held that the assignees themselves were not to be considered as having assented as creditors under an assignment requiring written assents, despite the fact that they had orally agreed to accept the

responsibilities of administering the trust. Nevertheless, that case does not work against the effectiveness of an express agreement between the assignor, the assignee and any single creditor to waive the requirement of written assent as to the creditor. Decisions of English courts have held that such a requirement will not operate to bar creditors giving their unqualified oral assent to the assignment. *Harland* v. *Binks*, 15 Ad. & El. (N.S.) 713. *In re Baber's Trusts*, L. R. 10 Eq. 554. No reason of policy appears to prevent the assignor and assignee from expressly agreeing with an individual creditor to dispense with it as to him. The assent itself, not its form, is important to the completion of the trust relationship contemplated. The assignor and assignee may effectively accept the oral assent of any individual creditor, despite the condition previously imposed by them. *Roberts* v. *Norcross*, 69 N. H. 533.

The trustee's answer to the twenty-third interrogatory establishes that, on November 1, 1934, the assignor, the assignee and certain creditors mutually agreed that the unqualified oral assents of such creditors, then given, were to be operative to bring them within the assignment. It does not appear that all those creditors were interviewed together, but this is of no consequence in view of the discussion above. Hence it may be said that certain creditors not expressly assenting in writing thereto were nevertheless parties to the assignment before the plaintiff's attachment. This being true, the plaintiff's present appeal must fail. The burden is upon it to prove that on November 2, 1934, there were goods, effects and credits of Mintz in the hands of Levenson not then subject to the provisions of the assignment. *Cardany* v. *New England Furniture Co.* 107 Mass. 116. *Workers' Credit Union* v. *Hannula*, 285 Mass. 159, 160. While it does not appear that all of the creditors in the group whose claims totalled $725.25 had an express agreement with the assignor which made them parties to the instrument, the plaintiff has not shown which of them did not have such an understanding nor what was the aggregate amount of their claims. Thus having failed to prove an essential element of its case, it cannot insist that

the trustee be charged here, and the order of the Appellate Division should be affirmed and judgment entered for the defendant.

*So ordered.*

## MEMORANDUM.

On the first day of October, 1937, the Honorable JOHN CRAWFORD CROSBY resigned the office of a Justice of this court which he had held since the thirty-first day of December, 1913.