MASTER BAKERS SUPPLY, INC. *vs.* HOPKINS, INC., & others.

WEBSTER THOMAS COMPANY *vs.* SAME.

Suffolk. March 9, 1938. — June 28, 1938.

Present: FIELD, LUMMUS, DOLAN, & COX, JJ.

*Assignment,* For the benefit of creditors. *Contract,* Validity. *Fraudulent Conveyance. Fraud.*

Creditors who, without examination of an instrument executed and recorded by their debtor conveying all his assets to a trustee and purporting to be for the benefit of creditors, but with knowledge of where the instrument was recorded, gave sealed or unsealed assents thereto

and became parties thereto, were bound by its terms and were not entitled to withdraw their assents on the ground that there had not been disclosure to them of certain provisions of the instrument alleged to be detrimental to them, nor to reach and apply the assets in the hands of the trustee to the payment of their claims on the ground that provisions of the instrument constituted it a fraudulent conveyance.

Two BILLS IN EQUITY, filed in the Superior Court on October 16, 1936, against Hopkins, Inc., Herman A. Mintz, and C. Harold Baldwin, each bill alleging in substance that the deed of trust described in the opinion was not a common law assignment for the benefit of creditors but was made with intent to hinder, delay and defraud creditors; and that the plaintiff was misled into assenting thereto by the defendants' failure to disclose that. the instrument "was not an assignment for the benefit of creditors in common form," that it conferred upon the trustees "extraordinary and excessive powers not usually conferred on trustees under an assignment for the benefit of creditors," that by assenting to the instrument the plaintiff under its terms would release its claims against Hopkins, Inc., and that the instrument "was a fraudulent conveyance." Each bill sought to have the instrument declared void as against the plaintiff and to have assets of the defendant corporation in the hands of the individual defendants reached and applied to the debt of the defendant corporation to the plaintiff.

After hearing of the suits by *Walsh*, J., final decrees dismissing the bills were entered. The plaintiffs appealed.

*B. Goldman*, for the plaintiffs.

*R. B. Owen*, (*A. S. Lawrence* with him,) for the defendants.

LUMMUS, J. The plaintiffs are creditors, to the extent of $657.23 and $551.02 respectively, of a restaurant corporation called Hopkins, Inc., which on May 21, 1934, made a deed of trust of all its assets to the defendants Mintz and Baldwin as trustees for the benefit of such creditors as should assent in writing to the instrument within sixty days, or later with the assent of the trustees. *Strasnick* v.

*Cinamon*, 282 Mass. 97. *A. G. Walton & Co. Inc.* v. *Levenson*, 298 Mass. 407. The trustees operated the business until December 14, 1934, under authority contained in the instrument, and then sold all the unencumbered assets for $5,322, which was all they had with which to pay liabilities incurred in the operation amounting to about $4,000. The indebtedness of Hopkins, Inc., amounted to about $420,000, of which about $253,000 was unsecured. A large part of the creditors assented to and became parties to the instrument.

The instrument came before this court in a suit by a nonassenting creditor to reach and apply assets in the hands of the trustees. It was held invalid against the plaintiff in that suit as a fraudulent conveyance, because it gave the trustees power to continue the business and to postpone liquidation against the will of the creditors for three or more years. *F. H. Roberts Co.* v. *Hopkins, Inc.* 296 Mass. 519.

While the case just cited was pending, the present plaintiffs, which had assented to the instrument, sought to withdraw their assents, and to reach and apply assets in the same way. The instrument was filed as early as May 23, 1934, in the office of the city clerk of Boston. G. L. (Ter. Ed.) c. 203, § 41. The plaintiffs assented to the instrument as early as June 26, 1934, as a result of a communication to them from the defendants Mintz and Baldwin as trustees, sent them on May 23, 1934. A copy of this communication, with a form of assent at the bottom, is printed in a footnote.* One of the plaintiffs assented by signing

---

May 23, 1934

* To THE CREDITORS OF HOPKINS, INC.:

Hopkins, Inc. has by an instrument dated May 21, 1934, and filed with the City Clerk of Boston this day conveyed all its assets to us as Trustees for benefit of its creditors.

We believe that we shall be able to make satisfactory arrangements to borrow necessary working capital to continue to operate the business for the present under the management of Mr. Hopkins. We are assured of the co-operation of the landlords and the present holders of the Conditional Sales Agreements covering the equipment installed by the Pick Barth Company.

We shall have our accountants prepare a statement of the present financial condition of the company and will advise you in the near future concerning the same.

that form of assent, which in law was a sealed instrument. G. L. (Ter. Ed.) c. 4, § 9A. The other assented by a letter which referred to the instrument sufficiently for identification, and thereby, according to the terms of the instrument, accepted its rights as beneficiary under the instrument in substitution for its earlier rights as a creditor. On the face of the papers, both plaintiffs ceased to be creditors of Hopkins, Inc.

In *Graves* v. *Morgan*, 182 Mass. 161, it was held that an unsealed assent procured by an assignee for the benefit of creditors might be found fraudulent and voidable where the form of assent did not disclose that the assignment was recorded, that assenting creditors became parties to it, or that by its terms an assent released the original claim, leaving the creditor only his right as one of the beneficiaries under the assignment. From the standpoint of fraud, a seal upon the assent would be immaterial. *Hazard* v. *Irwin,* 18 Pick. 95, 106–108. *Larsson* v. *Metropolitan Stock Exchange*, 200 Mass. 367. In the present case there is an express finding that there was no fraud. The plaintiffs were warned by the form of the communication sent them exactly where the instrument could be found for examination. They were asked to assent to its terms, and to become "parties of the third part to said instrument." They did so. We think their position is like that of one who signs an instrument without reading it or having it read to him, and without any misrepresentation as to its terms. *Atlas Shoe Co.* v. *Bloom*, 209 Mass. 563, 567. *Tremont Trust Co.* v.

---

A majority in amount of unsecured creditors have already assented. We urge you to execute the assent at the bottom of this letter and mail it to us at once with a statement of your account.

Very truly yours,

HERMAN A. MINTZ
C. HAROLD BALDWIN
*Trustees*

We, the undersigned, Creditor of Hopkins, Inc., hereby assent to the terms of the Trust Agreement for the benefit of Creditors made by Hopkins, Inc. as a party of the first part, being dated May 21, 1934 and filed with the City Clerk of Boston, and in which HERMAN A. MINTZ and C. HAROLD BALDWIN are named as Trustees and parties of the second part, and we hereby become parties of the third part to said Instrument and we agree to be bound thereby.

Signed and Sealed as of the said 21st day of May, 1934.

*Burack*, 235 Mass. 398, 401. *Gold* v. *Boston Elevated Railway*, 244 Mass. 144. *O'Reilly's Case*, 258 Mass. 205, 208, 209. *Strong* v. *Boston Mutual Life Ins. Co.* 283 Mass. 88. *Reliable Finance Corp.* v. *Baldrate*, 291 Mass. 150. The voluntary act of the plaintiffs in becoming parties to the instrument precludes them from relying upon either the sort of fraud found in *Graves* v. *Morgan*, 182 Mass. 161, or that held to exist in *F. H. Roberts Co.* v. *Hopkins, Inc.* 296 Mass. 519. See *Chafee* v. *Fourth National Bank of New York*, 71 Maine, 514, 526; *Greene* v. *A. & W. Sprague Manuf. Co.* 52 Conn. 330, 371, 372.

The motions of the plaintiffs to vacate the final decrees dismissing the bills on the ground that those decrees do not conform to the intention of the judge hearing the cases, were denied by that judge, and we have no means of reviewing his action. See *Hyde Park Savings Bank* v. *Davankoskas*, 298 Mass. 421. In each case the entry will be

*Final decree affirmed with costs.*
*Order denying motion to vacate final decree affirmed.*