Rowe, J.
This is an action to recover according to the tenor of a promissory note. The question is as to whether the note is to be considered as an ordinary note or as a sealed- instrument. The defense is 'the- statute of limitations' which would apply unless the note is to be considered as being under seal. The defendant pleaded this statute and the trial judge- found that the note was “not -a sealed instrument as provided by law, -there being no recital that the instrument was sealed or bore the seal of the person signing the same, or that the- instrument was intended to talc-e effect as a sealed instrument in accordance w-i-th the provisions of Section 9 A of chapter 4 of the- general laws. ’ ’
The -trial judge found that the statute of limitations had run -against the plaintiff -and found for the defendant, the plaintiff claiming to be aggrieved thereby.
Although at the time of the trial the note bore a wafer seal, the trial judge found as he properly could on the evidence that the- note was not sealed at the- time of its signing.
*19 This leaves the only evidence of its considered as sealed the fact that just after the place for 'the ¡signature were the letters “L. S.”
G. L., c. 4, § 9A provides that “in any written instrument, a recital that such instrument is sealed by or bears the seal of the person signing the same or is given under the hand and seal of the person signing the same, or that such instrument is intended to take effect as a sealed instrument shall be sufficient to give such instrument the legal effect of a sealed instrument without the addition of any seal of wax, paper or other substance or any semblance of a seal by scroll, impression or otherwise.”
The failure of the note to make any recital that it is intended as a sealed instrument is fatal to the plaintiff’s contention that it is a sealed instrument,'
It would have 'been a sufficient compliance with the statute if the note had contained such wording as “have hereunto set their hands and seals” (Alfano v. Donnelly, 285 Mass. 554) “signed and sealed” (Master Bakers Supply, Inc. v. Hopkins Inc., 300 Mass. 553) or “witness hand and seal” (Glendale Coal Co. v. Nesson, 312 Mass. 293).
In Capital Amusement Co. v. Gallagher, 268 Mass. 321, this court in considering a document executed prior to the statute and which contained 'the letters “L. S.” following the signature ¡said “the agreement contains no recital that it is sealed by, or bear® the seal of, the persons signing the same, or is given under the hand and seal of the person signing the ¡same, or that it is intended to take effect as a sealed instrument.”
A recital in the instrument that it is to he considered as a sealed instrument a® provided by the- wording of the statute is necessary if the instrument is to be brought within the statute, even although no such recital is necessary where *20 a common law seal is affixed. See. 56, C. J. page 895. Report dismissed.