Riley, P. J.
This case involves the effect and validity of a common law assignment for the benefit of creditors. It is an action of contract in which the plaintiff seeks to re *162 cover $157 with interest from the defendant for goods sold and delivered. The writ was returnable and entered in court together with the declaration on May 21, 1949. The report shows that the plaintiff was entitled to the amount claimed in its declaration together with interest but the trial judge at the request of the plaintiff has reported his denial of certain requests of the plaintiff and his finding that the assignment was an effective bar against the plaintiff’s recovery of the funds in the hands of the trustee made after a hearing on the plaintiff’s motion to charge the trustee. At the hearing on the plaintiff’s motion to charge the trustee, it admitted that it had in its possession $162.09 standing in the name of the defendant corporation. It further appears that neither the plaintiff nor the trustee knew of the execution of the assignment for the benefit of creditors at the time of the service of the writ although it was executed on April 29, 1949 and was recorded in the office of the Town Clerk of Adams on May 3, 1949 which was the town in which the defendant corporation was. then doing business. The assignment which was offered in evidence was accompanied as part thereof by a mortgage to the assignee of all stock in trade, accounts receivable, furniture and other personal property of every name, nature and description wherever situated owned by the defendant corporation, the mortgage running to the assignee as trustee for the benefit of the creditors of the defendant corporation. Both documents were under seal and the assignment was signed by the assignee therein called trustee agreeing to carry out its terms. The court finds that it was a valid agreement for the benefit of the creditors executed by the defendant corporation as an assignment of all its property on April 29th, that the company owed over $12,000. at the time of the assignment and that assents to the assignment had been received in the sum of over $8,000. wffiich was more than a majority in number and amount of the creditors. *163 The assignment recites that the defendant was indebted in the sum of approximately $17,000. which it was unable to pay as it matured, that it desired that no one of the unsecured creditors receive a preference, that it was for the best and mutual interest of the creditors and the assignor that it be permitted to continue in business and that the mortgage and note accompanying it covering all the assets of the corporation be given to the assignee as trustee for the benefit of the creditors. It provided for the powers and duties of the assignee, the manner in which creditors could become parties to the assignment and that after payments of the expenses of carrying on the business, the assignee should discharge all the debts owing from the creditor as they appeared on the list furnished to the assignee by the defendant. These payments were to be made to the creditors ratably and in proportion to their respective claims and after the payment and satisfaction of all debts, costs, charges and expenses, the assignee was to pay over the surplus, if any, to the .assignor. The assignee, as trustee named in the mortgage, was empowered to foreclose on the trust mortgage executed simultaneously with the assignment in the event that the assignor was unable to meet future obligations as they became due. All payments made under the mortgage were to be distributed to the creditors of the defendant corporation in their proportionate share by the trustee.
The judge found for the defendant but we interpret this to mean that he denied the plaintiff’s motion to charge the trustee, as on the admitted facts, the plaintiff was entitled to a finding in its favor on the merits of the case. He denied the following requests filed by the plaintiff:
“ (1) An assignment for the benefit of creditors effects only such creditors who have consented to the assignment and estops them from exercising legal process against the debtor. (2) On all the evidence, the plaintiff corporation is not bound by the trust agree *164 ment executed by the Empire Building Co., Inc. to its trustee, as it did not consent to the assignment. (3) The execution of an assignment for the benefit of creditors before the trustee process was served by the plaintiff is in no way adverse to the plaintiff as the recording statutes do not apply to the plaintiff in this situation. (4) The assignment for the benefit of creditors in this case is absolutely void in view of the fact that no time limit has been placed on the same for liquidation. ’ ’
There is no error in the refusal of the trial judge of the first request for ruling. It was not relevant upon the motion to charge the trustee. Of course the assignment did not affect the plaintiff’s right to recover against the defendant as it had not assented to the assignment but this issue is not raised on the plaintiff’s motion which involves only the question of whether the money in the hands of the trustee bank should be paid to the plaintiff or to the assignee for the benefit of the creditors. There was no error in denying the plaintiff’s second request. Consent of the plaintiff to the assignment was not necessary as it had been executed by the assignee and several creditors at the time of the service of the plaintiff’s writ upon the trustee. It is similar to the first and fourth requests which were held properly denied in Cropper v. Gorham, 221 Mass. 119, 123, 124 and 125. It was said in that case at pages 124, 125: ‘ ‘ The instrument was under seal, and by executing the deed of assignment the assignee became bound by its terms. Such an assignment is valid against subsequent attaching creditors, and the case is governed by Reddy v. Raymond, 194 Mass. 367. The deed of assignment became effective as soon as it was executed by the assignor and by the trustee who was a creditor. It was not necessary to have the consent of all the creditors in order to make it legal; Everett v. Walcott, 15 Pick. 94; and it was not contended that the assets in the hands of the assignee were sufficient to satisfy *165 the claims of assenting creditors. Douglas v. Simpson, 121 Mass. 281. * * * In the absence of some statutory prohibition, a debtor has the common law right to make an assignment for the benefit of some or all of his creditors, and when fully executed it can be set aside only by the proceedings in bankruptcy. * * * It was not necessary to give notice of the assignment to the debtors of the assignor. Thayer v. Daniels, 113 Mass. 129. Putnam v. Story, 132 Mass. 205. Kingman v. Perkins, 105 Mass. 111.”
The case of Cropper v. Gorham was a scire facias against a trustee which raises the sainé issues as are raised in this case on the plaintiff’s motion to charge the trustee. The plaintiff argues that the defendant because of his answer that the money in the trustee’s hands was pledged to outstanding checks for labor did not intend to include this deposit in the assignment, but as is pointed out in Cropper v. Gorham, at page 124, the understanding of the assignor does not affect the true meaning and construction of the document as the rights of the parties are governed by the written instrument and its construction was for the court. While it is not specifically mentioned in the assignment, in the mortgage to the assignee which is made a part of the assignment, all of the personal property of every name and nature was included.
The third request was rightly denied. As stated in Hoague v. Cumner, 187 Mass. 296 at 297, this recording-statute has no reference either to the Bankruptcy Act or to the rights of the creditors at common law. It is intended for the protection of the trustee in cases in which the assignment is set aside because of subsequent proceedings in insolvency. The failure to comply with the statute does not affect the validity of the assignment but simply leaves the assignee without protection if the assignment is set aside on account of subsequent proceedings in insolvency and like other parts of our insolvency law is superseded by the *166 Bankruptcy Act and remains in abeyance so long as the Bankruptcy Act continues in force.
In support of its fourth request the plaintiff relies on Roberts Co. v. Hopkins, Inc., 296 Mass. 519. In that case the assignee was empowered to carry on the business for a period of three years and under certain conditions for two years after that before the liquidation and distribution among the creditors. The court held that the assignment contemplated that liquidation might not begin for a period of time which was unreasonable. There is no intimation in the opinion that a definite time for liquidation must be given in the assignment. Undoubtedly the court would say that the carrying on of the business and liquidation should be accomplished in a reasonable time having- in mind all the circumstances. It is always open to a creditor of a party making an assignment of this kind to go into a court of equity and secure appropriate orders under the trust agreement as illustrated in the cases of Roberts Co. v. Hopkins, Inc., 296 Mass. 519 and Illnois Watch Case Co. v. CowanMyers Co., 250 Mass. 347 and cases cited. The plaintiff was not entitled to have the fourth request given.
The plaintiff has argued that the court decided the plaintiff’s attachment was dissolved upon an erroneous view of the law applicable thereto. It is immaterial whether the correct reasoning is used by a judge to reach a result if the decision is right as matter of law.
We think that there was no error in the conclusion reached by the trial judge or in his denial of the plaintiff’s requests for rulings and the report is ordered dismissed.