Tiffany, J.
This is an action in contract for monies owed by the defendant (Acton) to the plaintiff (Florists) in the amount of $5,371.91.
It appears from the court docket that both Florists and Acton filed motions for summary judgment under Dist./Mun. Cts. R. Ciy. P., Rule 56 and that Acton’s motion was denied and Florists’ motion allowed.
Defendant Acton, being aggrieved by the denial of its motion for summary judgment and the allowance of plaintiff Florists’s motion, has claimed a report to this Division.. .
There does not appear to be any controversy concerning the basic facts of g Is received and monies owed. The sole issue, before this Division is the merits of the defendant’s affirmative defence that the plaintiff, Florists, was scheduled as a creditor on an assignment for the benefit of creditors.
The matter before the trial justice was the question of Jaw as to whether the assignment for the benefit of the creditors, was a bar to the plaintiffs suit as it contained a release of the debtor from any further liability.
The report sets forth that the defendant, Acton, filed with the court a certified copy of the actual assignment for the benefit of,the creditors and allegations that it was on file at the Acton Town Hall. One issue before the trial court is the validity of assignment which was transmitted unsigned to the assignee by one Jean Napier, the credit manager of .the ¡plaintiff, Florists. In Graves v. Morgan, 182 Mass. 161, it was held that non-signatories of an instrument are entitled to some knowledge, either actual or constructive, of the terms of the instrument. The recording of the assignment in the Acton Town Hall does not constitute constructive knowledge in the absence of actual notice of where the instrument could be found for examination. Master Bakers Supply, Inc. v. Hopkins, Inc., 300 Mass. 553.
The unsigned assignment for the benefit of the creditors was presented-to the trial justice. On its face and as a matter of law, this was clearly within the purview of Graves v. Morgan, supra, and required him to rule against the defendant’s affirmative defense that the instrument constituted a bar to the plaintiffs claim. This being the sole defense and in the absence of any question of matieral fact, the motion-for summary judgment for the plaintiff was in order.
*10 The second affirmative defense raised the issue of improper venue. However, the Appellate Division will not consider matters not raised on appeal either in brief or argument. Keifer v. Boetti, 43 Mass. 55.
We do not find error in the allowance of plaintiffs motion for summary judgment as it was a question of law and dispositive of the issue. Report dismissed.
So ordered.