### COMMERCE CO. v. UNITED STATES.
### No. 12357.

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1948.

Charles H. Draper, of Houston, Tex., for appellant.

Theron L. Caudle, Asst. Atty. Gen., Brian S. Odem, U. S. Atty., and Joseph W. Cash, Asst. U. S. Atty., both of Houston, Tex., and Carlton Fox, Sp. Asst. to the Atty. Gen., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

The Commerce Company sued the United States pursuant to provisions of Section 24 of the Judicial Code, Title 28 U.S.C.A. § 41(20) [now § 1346], to recover portions of income taxes for the period of January 1, 1938, to September 23, 1938, paid by it as transferee of the assets and liabilities of State Properties Corporation, and for portions of its own income taxes for the fiscal year June 1, 1938, to May 31, 1939. The district court rendered judgment for the Government, and the Commerce Co. takes this appeal. The issue concerns depreciation allowances on two properties for certain years and, in connection with this, the proper interpretation of Section 113(b) (1) (B) of the Revenue Act of 1938, 26 U.S.C.A. § 113(b) (1) (B).

The facts were stipulated and are restated here briefly: The Commerce Co., a Texas corporation, is the successor, through a tax-free reorganization accomplished in 1938, to all assets and liabilities of the State Properties Corporation. State Properties Corp. had owned Texas State Hotel Properties and the Krupp and Tuffly Building. The Texas State Hotel Properties were first placed in use in 1929; the Krupp and Tuffly Building was erected in that year. Depreciation allowances were taken in 1929 and uniformly in following years by the various owners. Except as changed by the Commissioner of Internal Revenue, these depreciation rates continued in force each year. In its final income and excess profits tax return after dissolution, the State Properties Corp. listed a loss on the sale of the Krupp and Tuffly Building and a claim for depreciation for the Texas State Hotel Properties. In the return filed by the Commerce Co. for its fiscal period June 1, 1938, to May 31, 1939, certain amounts were taken as depreciation on the Texas State Hotel Properties.

The Commissioner levied an assessment for alleged deficiencies in tax against the Commerce Co. as transferee of the assets and liabilities of State Properties Corp. and against the Commerce Co. on its own return for the fiscal year from June, 1938, to May, 1939. After paying the amount assessed, the Commerce Co. filed a claim for refund as to both payments. This claim was only partially allowed. The present controversy concerns disallowed portions of the claim for refund and specifically centers on what depreciation figures should have been used in obtaining a readjustment of property values on the Texas State Hotel Properties and the Krupp and Tuffly Building determined by the Commissioner beginning with 1938. The history of the depreciation taken and determined on the above properties follows:

Pursuant to conference report, in 1936 the Commissioner disallowed part of the depreciation claimed for 1929, 1930, and 1931 for Texas State Hotel Properties and for the Krupp and Tuffly Building, because the useful life of the properties had been previously underestimated. Afterward, parts of the depreciation claimed on the Texas State Hotel Properties for 1934, the 1936 tax period, and the year 1937, were also disallowed. The depreciation taken for the Krupp and Tuffly Building in 1936 and 1937 was allowed to stand unchallenged. The years 1932, 1933, and 1935, in the instance of the Texas State Hotel Properties, and 1932 through 1935, in the instance of the Krupp and Tuffly Building, were loss years, and for these years no adjustment was made. Beginning with 1938, the Commissioner redetermined the depreciation for the properties by taking the adjusted depreciation for years in which adjustments were made and adding to this the depreciation rate as reported by the taxpayer in the nonadjusted years, and deducting this total from the original cost; the balance he prorated over the estimated remaining useful life of the properties. The taxpayer contends that, adjustments

having been made for some years, the same should be done for all years, thus giving a larger present value to the properties. It is pointed out that such an adjustment would not affect the returns for years in which losses occurred, as reduction in depreciation would not result in a profit.

The answer to the problem presented lies in an interpretation of certain portions of the Revenue Act of 1938. Section 114 of the Revenue Act of 1938, 26 U.S.C.A. § 114, states:

"(a) Basis for depreciation. The basis upon which exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the adjusted basis provided in section 113(b) for the purpose of determining the gain upon the sale or other disposition of such property."

Section 113(b) (1) reads:

"(1) General rule. Proper adjustment in respect of the property shall in all cases be made—

\*    \*    \*    \*    \*    \*

"(B) in respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount allowable) under this act or prior income tax laws. \* \* \*"

The controlling word is "allowed". The decision to be made is whether the depreciation taken in excess of the amount allowable during years when the loss was so great that no tax would be payable in any event is "allowed" depreciation which will be considered as reducing the value of the properties. Pittsburgh Brewing Co. v. Commissioner of Internal Revenue, 107 F. 2d 155, by the Third Circuit Court, relied on by the appellant, stated the question and decided such depreciation was not "allowed". However, because of conflict between that case and Helvering v. Virginian Hotel Corporation of Lynchburg, 132 F.2d 909, when the latter case was decided by the Circuit Court of Appeals for the Fourth Circuit, the Virginian Hotel Corp. case was reviewed by the Supreme Court, 319 U.S. 523, 63 S.Ct. 1260, 87 L.Ed. 1561, 152 A.L.R. 871, and it was determined that depreciation once taken may not be challenged even where the depreciation figure has no effect on income. The Court, 319 U.S. at page 526, 63 S.Ct. at page 1262, said: "\* \* \* it is said that 'allowed' unlike 'allowable' connotes the receipt of a tax benefit. The argument is that though depreciation in excess of an 'allowable' amount is claimed by the taxpayer and not disallowed by the Commissioner, it is nevertheless not 'allowed' if the deductions other than depreciation are sufficient to produce a loss for the year in question. 'Allowed' in this setting plainly has the effect of requiring a reduction of the depreciation basis by an amount which is in excess of depreciation properly deductible. We do not agree, however, with the contention that such a reduction must be made only to the extent that the deduction for depreciation has resulted in a tax benefit. The requirement that the basis should be adjusted for depreciation 'to the extent allowed (but not less than the amount allowable)' first appeared in the Revenue Act of 1932. 47 Stat. 169, 201, 26 U.S.C.A. [§ 113(b) (1) (B)]. Prior to that time the adjustment required was for the amount of depreciation 'allowable'. The purpose of the amendment in 1932 was to make sure that taxpayers who had made excessive deductions in one year could not reduce the depreciation basis by the lesser amount of depreciation which was 'allowable'. If they could, then the government might be barred from collecting additional taxes which would have been payable had the lower rate been used originally. \* \* \*"

Sometime after the Supreme Court handed down its opinion in the Virginian Hotel Corp. case, the Third Circuit Court had before it the case of Repplier Coal Co. v. Commissioner of Internal Revenue, 140 F. 2d 554. In that case, the Third Circuit Court said, 140 F.2d page 557: "\* \* \* Our decision in the Pittsburgh Brewing Co. case, was in effect overruled by the Supreme Court in Virginian Hotel Corporation v. Helvering, 1943, 319 U.S. 523, 63 S.Ct. 1260, 87 L.Ed. 1561 [152 A.L.R. 871]. It was there held that, in readjusting the depreciation basis of the Hotel, excessive depreciation claimed in prior years was properly deducted from cost although no tax benefit had resulted to the taxpayer

from the deductions for depreciation. The Court thus rejected the contention that deductions taken by the taxpayer and not disallowed by the Commissioner are not 'allowed' within the meaning of the statute to the extent they do not result in a tax benefit. * * *"

An attempt is made by the appellant to distinguish the Virginian Hotel Corporation case as one in which the adjustment of depreciation was made by the Commissioner only for years subsequent to the loss years. On careful consideration, it would seem this has little merit. In the Virginian Hotel Corp. case, 319 U.S. at page 527, 63 S.Ct. at page 1262, the following appears: "But we find no suggestion that 'allowed', as distinguished from 'allowable', depreciation is confined to those deductions which result in tax benefits. 'Allowed' connotes a grant. Under our federal tax system there is no machinery for formal allowances of deductions from gross income. Deductions stand if the Commissioner takes no steps to challenge them. Income tax returns entail numerous deductions. If the deductions are not challenged, they certainly are 'allowed' since tax liability is then determined on the basis of the returns. * * *"

The opinion concludes: "Congress has provided for deductions of annual amounts of depreciation which, along with salvage value, will replace the original investment of the property at the time of its retirement. United States v. Ludey, supra [274 U.S. 295, 47 S.Ct. 608, 71 L.Ed. 1054]; Detroit Edison Co. v. Commissioner, 319 U.S. 98, 63 S.Ct. 902, 87 L.Ed. 1286. The rule which has been fashioned by the court below deprives the taxpayer of no portion of that deduction. Under that rule taxpayers often will not recover their investment tax-free. But Congress has made no such guarantee. Nor has Congress indicated that a taxpayer who has obtained no tax advantage from a depreciation deduction should be allowed to take it a second time. The policy which does not permit the second deduction in case of 'allowable' depreciation (Beckridge Corp. v. Commissioner, 2 Cir., 129 F.2d 318) is equally cogent as respects depreciation which is 'allowed'."

There can be no question that the law as set out by the Supreme Court means that depreciation taken in loss years where it would have no effect on income will stand unless challenged, and that readjustments made by the Commissioner for other years will have no effect on those years not specifically adjusted. In this case, the Commissioner has adjusted depreciation for certain years and has allowed the depreciation taken in other years to stand. We agree with the lower court that he was correct in including the full depreciation taken in the years he did not adjust in his computation of the new depreciation basis for the remainder of the life of the properties.

The judgment appealed from is affirmed.