## BLACKHAWK–PERRY CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13937.

United States Court of Appeals
Eighth Circuit.

May 31, 1950.

Carl H. Lambach, Davenport, Iowa (Margaret Stevenson, Davenport, Iowa, was with him on the brief) for petitioner.

Carlton Fox, Special Assistant to the Attorney General (Theron Lamar Caudle, Assistant Attorney General, and Ellis N. Slack and Lee A. Jackson, Special Assistants to the Attorney General, were with him on the brief) for respondent.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

THOMAS, Circuit Judge.

A taxpayer seeks review and modification of a decision of the Tax Court of the United States. The facts were stipulated in the proceeding before the Tax Court.

Petitioner was incorporated in 1935 by the bondholders of the Blackhawk Hotels Company, owner of the Blackhawk Hotel and the Perry Apartments in Davenport, Iowa. In that year the hotel company was involved in a reorganization proceeding under section 77B of the Amended Bankruptcy Act, 11 U.S.C.A. § 207. The hotel and the apartment properties, together with their contents consisting of furnishings and equipment, were subject to a deed of trust to secure a bond issue of $1,497,500. A plan of reorganization was approved by the court in the bankruptcy proceeding, pursuant to which all of the above described properties were conveyed to petitioner in exchange for the bonds on the basis of one share of stock for each $100 par value of the bonds. Of the total cost thus determined petitioner ascribed to the furnishings and equipment a value of $215,-672.67 as its cost basis; and it established its rate of depreciation upon the basis of an estimated useful life of 15 years.

In April, 1945, the Commissioner determined the transfer to have been a reorganization under § 112(g), Internal Revenue Code, 26 U.S.C.A. § 112(g), requiring petitioner to use as its basis for depreciation the adjusted basis of the bankrupt transferor which as of August 1, 1935, the date on which petitioner acquired the property, was $66,625.56, instead of $215,-672.67, the cost to petitioner. It was stipulated that the basis of cost to petitioner was erroneous and that the adjusted basis of cost to transferor as determined by the Commissioner was correct.

On its income tax returns for the years intervening from August 1, 1935, to December 31, 1944, petitioner deducted annually for depreciation 1/15th of $215,672.67, or $14,378.18, leaving a remaining undepreciated basis on the latter date of $80,269.-13, whereas the correct basis of cost of $66,625.56 was exhausted before the end of 1940.

No tax benefit accrued to petitioner in any year from the deductions taken, and its returns were accepted as filed for the years barred by the Statute of Limitations. But the Commissioner disallowed the deductions taken for the years 1942 to 1944, inclusive, thus increasing petitioner's tax liabilities for 1942, 1943, and 1944 as follows:

| Year | Income Tax | Declared Value Excess Profits Tax | Total |
|---|---|---|---|
| 1942 | $5,772.72 | $2,855.17 | $ 8,627.89 |
| 1943 | $9,072.49 | $2,558.43 | $11,630.92 |
| 1944 | $7,702.40 | $1,336.05 | $ 9,038.45 |

The Tax Court affirmed the deficiencies found by the Commissioner, and petitioner contends that the court erred in so doing. It argues that its income tax returns during all the years from August 1, 1935, to December 31, 1944, conformed to the regulations of the Commissioner during that period; that they were accepted by the Commissioner as filed; and that, therefore, equity and justice require a reversal of the decision of the Tax Court, and that the Commissioner should either correct the deductions taken annually since August 1, 1935, or should accept the erroneous cost basis of $215,672.67.

Treasury Regulation 86, sec. 112(g)—Revenue Act of 1934, provided that "Requisite to a reorganization under the [Bankruptcy] Act are a continuity of the business enterprise under the modified corporate form, and a continuity of interest therein on the part of those persons who were the owners of the enterprise prior to the reorganization * * *."

Under the foregoing Regulation petitioner says that prior to the decisions of the Supreme Court in 1942 in Helvering v. Alabama Asphaltic Limestone Co., 315 U.S. 179, 62 S.Ct. 540, 86 L.Ed. 775, and Palm

Springs Holding Corporation, v. C. I. R., 62 S.Ct. 544, 86 L.Ed. 785, 315 U.S. 185, bondholders were not regarded by the Commissioner as possessing that requisite continuity of ownership of the enterprise involved to constitute a reorganization within the meaning of § 112 of the Revenue Act.

At this point petitioner in its brief says: "The precise question now is—can the Commissioner after having for years denied the applicability of the provisions of Sec. 112(g) (1), I.R.C., 26 U.S.C.A. § 112 (g) (1), and in effect having required of the taxpayer a computation of depreciation based upon the taxpayer's cost, now correct the situation in part only by re-establishing a basis and denying to the taxpayer the concomitant benefit of revising the depreciation to be computed thereon?" That is, so it is argued, the Commissioner should not be permitted to consider the correct cost basis of $66,625.56 for determining tax deficiencies for the years 1942, 1943, and 1944, unless he goes back to 1935 and ignores the taxpayer's claimed deductions for depreciation on the erroneous cost basis of $215,672.67 for the succeeding years. The difference is that by computing depreciation on the correct basis in the years following the acquisition of the property by the taxpayer there would remain an undepreciated balance in 1942 of $38,500.91, with the result that there would be no tax deficiency in the years involved; whereas by computing depreciation on the basis of taxpayer's returns for the years preceding 1942 the depreciable cost of $66,625.56 was exhausted in 1940, and the tax deficiencies determined by the Commissioner are correct.

The contention presents a question of law, which cannot be decided by what the Commissioner may have thought prior to 1942. Deductions for depreciation from income for federal tax purposes are granted under 26 U.S.C.A. § 23. Section 113 reads:

"(b) *Adjusted basis.* The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

"(1) *General rule.* Proper adjustment in respect of the property shall in all cases be made—

\* \* \* \* \* \*

"(B) in respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount allowable) under this chapter or prior income tax laws."

Applying these rules the Commissioner and the Tax Court regarded the deductions for depreciation taken by petitioner in the years 1935 through the years following as "allowed" and the correct amount based upon the undepreciated cost in the hands of the transferor as "allowable." This construction of the statute is sustained by the Supreme Court in Virginian Hotel Corporation v. Helvering, 1943, 319 U.S. 523, 63 S.Ct. 1260, 1261, 87 L.Ed. 1561, wherein the Court said: "If the deductions are not challenged [by the Commissioner], they certainly are 'allowed' \* \* \*." See, also, Commerce Co. v. United States, 5 Cir., 171 F.2d 189, 191.

It seems clear that the deductions taken by petitioner in the years preceding 1942 were "allowed" deductions within the meaning of § 113(b) (1) (B). They were taken in petitioner's income tax returns without objection by the Commissioner. But petitioner argues that for that very reason the Commissioner is bound now to correct them. The law does not support such contention; and the Commissioner must apply the law as it is and as it has been construed by the Supreme Court. The statute, § 113(b) (1), declares "Proper adjustment in respect of the property shall in all cases be made—", and the Commissioner is only an agent of the Government in administering the law. Petitioner is mistaken as to the meaning and application of the law prior to the decisions of the Supreme Court in Helvering v. Alabama Asphaltic Limestone Co., supra, and Palm Springs Holding Corporation v. Commissioner, supra, in 1942, in which it was held, in circumstances virtually the same as the circumstances here, that the acquisition in

322

a bankruptcy proceeding of the property of a bankrupt corporation by its bondholders constitutes a reorganization within the meaning of the statute, and that the assets of the new corporation so acquired have the same basis for depreciation as they had when owned by the old corporation.

The Government, and not the Commissioner, is interested in the collection of taxes; and the Government cannot be estopped by a mistake made by a taxpayer. A taxpayer, as well as the Commissioner, is presumed to know the law, and ignorance of the truth is a prerequisite to the right to assert an estoppel in pais. Hobbs v. McLean, 117 U.S. 567, 6 S.Ct. 870, 29 L.Ed. 940. And it is the law that "Within the statutory period of limitations and in the absence of a binding settlement, the Commissioner had authority to re-examine and redetermine the petitioners' tax liability." Sweets Co. of America v. Commissioner, 2 Cir., 40 F.2d 436, 438; Botany Worsted Mills v. United States, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379. In this instance the same controlling law was in effect during all the years from 1935 through 1944.

We agree with the Tax Court that the facts in this case are governed by the decision of the Supreme Court in the Virginian Hotel case, supra. The decision of the Tax Court is accordingly

Affirmed.