JOSEPH T. MILLER, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CRYSTAL V. MILLER, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 36103, 36104. Filed December 31, 1954.

---

*William M. Goza, Jr., Esq.*, for the petitioners.
*James R. Harper, Jr., Esq.*, for the respondent.

**OPINION.**

LeMire, *Judge:* The petitioners challenge the deficiencies involved herein on two grounds, i. e., that the respondent has improperly computed them and that the respondent is estopped from determining any deficiency for the taxable year 1946. The basic figures involved are not in dispute.

In the case of *Morris Kurtzon*, 17 T. C. 1542, which involved a similar issue under comparable facts, we set forth the formula for computing a statutory deficiency under section 271 of the Internal Revenue Code of 1939, as follows:

Deficiency=correct tax— (tax on return+prior assessments—rebates)
= correct tax—tax on return—prior assessments+rebates

The respondent has computed the deficiencies in question by the use of the above formula, and under the rationale of the *Kurtzon* case, *supra*, his method of computation is approved.

The respondent, on brief, concedes error in computing the amounts of the taxes abated as a result of the tentative allowances of net operating loss carry-backs to the taxable year 1946 from the year 1948. With respect to petitioner Joseph T. Miller, the amount used in computing the deficiency is $35,514.93, which includes an interest credit of $1,251.37. With respect to petitioner Crystal V. Miller, the amount used is $35,586.18, which includes an interest credit of $901.44. Therefore, the correct amounts of the taxes abated, as disclosed by the certificates of assessments and payments, are $34,263.56 in the case of Joseph T. Miller, and $34,684.74 in the case of Crystal V. Miller.

Effect will be given to these concessions in the computations of the deficiencies under Rule 50.

The petitioners argue that the action of the respondent in abating the income tax liability assessed as a result of the allowances of the operating loss carry-backs from 1948 to 1946 was final. We do not agree. The notices given to the petitioners stated that the adjustment was tentative and that a final adjustment of the tax liability would be made at a later date. It is well established that within the period of limitations, and in the absence of a binding settlement, the respondent may correct an erroneous refund or credit by way of a deficiency.

*Oilbelt Motor Co.*, 16 B. T. A. 831; *Joseph P. Levy et al., Executors*, 18 B. T. A. 337; *Henry C. Warren*, 13 T. C. 205.

We next consider the contention of the petitioners with respect to the plea of estoppel in pais. It is argued that the petitioners, relying on the certificates of discharge of tax liens under internal revenue laws, Form 669, as a representation that their income tax liability for 1946 was discharged, compromised and settled the judgment entered against them in the suit by the United States to recover the excessive profits determined by the War Contracts Price Adjustment Board, dismissed their appeal to the Court of Appeals from the judgment, and dismissed their appeal to this Court for a redetermination of their excessive profits for the year 1946 to their prejudice.

Section 3675 of the Internal Revenue Code of 1939 provides:

A certificate of release or of partial discharge issued under this subchapter shall be held conclusive that the lien upon the property covered by the certificate is extinguished.

A mere reading of the statute makes it clear that the certificate is conclusive that the lien is extinguished. It is not conclusive that the tax liability has been paid. A similar statute contained in a prior revenue act has been so interpreted. *Commissioner* v. *Angier Corporation*, 50 F. 2d 887, certiorari denied 284 U. S. 673.

If the petitioners in fact relied upon such certificates as a discharge of their total tax liability, they did so because of a mistake as to the effect of section 3675. The Government may not be estopped by a mistake made by a taxpayer. *Blackhawk-Perry Corp.* v. *Commissioner*, 182 F. 2d 319, certiorari denied 340 U. S. 875.

We hold, on the facts disclosed by this record, that petitioners have not established a basis for the application of an estoppel.

*Decisions will be entered under Rule 50.*